**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED JUNE 9, 2004**

SHEILA HARVEY,

    Plaintiff-Appellee,

v                                       No. 124234

HARRY LOUIS HARVEY,

    Defendant-Appellant.

_____

**PER CURIAM**

In this divorce proceeding, the parties agreed that the friend of the court would determine the custody of their children and that the circuit court could not review the decision. Honoring this, the circuit court entered the friend of the court's recommended order awarding sole custody of the children to defendant and denied plaintiff's motion for a hearing to review the matter.

The Court of Appeals vacated the circuit court's order and remanded the case for a hearing de novo. We affirm that opinion, but write to provide clarification. Regardless of the type of alternative dispute resolution

that parties use, the Child Custody Act[1] requires the circuit court to determine independently what custodial placement is in the best interests of the children.[2] We write to clarify the responsibility of the trial court in making that determination.

## I. BACKGROUND

### A. Trial Court Proceedings

Two daughters were born during the parties' marriage, one in 1994 and the other in 1996. In February 2000, plaintiff filed a complaint for divorce with the Family Division of the Oakland Circuit Court. A variety of issues were disputed, including custody of the children.

Instead of proceeding directly to trial, the parties opted for a form of alternative dispute resolution. On May

---

[1] MCL 722.21 *et seq.*

[2] We recognize that parents sometimes reach agreements regarding custody and visitation matters either informally through direct negotiations or through mediation procedures made available by dispute resolution organizations. Our decision does not restrict the ability of parties to address disputes through alternative dispute resolution processes. We hold only that the statutory "best interests" factors control whenever a court enters an order affecting child custody. An initial agreement between the parties cannot relieve the court of its statutory responsibility to ensure that its adjudication of custody disputes is in a child's best interests.

Likewise, parties must understand that a child custody determination resulting from alternative dispute resolution processes is not enforceable absent a court order.

15, 2001, the circuit court entered a consent order, approved by both parties' counsel, for binding arbitration. Its object was to resolve all property matters[3] and provide for an evidentiary hearing and binding decision by the friend of the court referee regarding custody, parenting time, and child support issues. The order stated that the referee's decision could not be reviewed by the circuit court:

> 7. Issues of custody, parenting time and child support shall be referred to the Oakland County Friend of the Court for an Evidentiary Hearing in front of a Referee.

> 8. The decision of the Referee, after hearing, shall be binding on the parties and shall not be reviewable by the trial court. The Appellate rights to the Court of Appeals are again preserved.

Following an evidentiary hearing, the friend of the court submitted findings to the circuit court with a recommended order awarding legal and physical custody of the children solely to defendant. Plaintiff filed timely written objections to the order.

The circuit court entered the recommended order, over plaintiff's objection, changing the existing custodial arrangement. The court denied her motion for an

---

[3] The parties subsequently signed a binding arbitration agreement and arbitrated the marital property issues, which are not on appeal.

3

evidentiary hearing de novo and refused to set aside the order when defendant argued that the parties' stipulation restricted its authority to review the order.

## B. Appellate Court Proceedings

Plaintiff appealed as of right. The Court of Appeals vacated the custody order and remanded for a hearing de novo in the circuit court.

In its opinion, the Court of Appeals acknowledged that the Child Custody Act governs all child custody disputes and gives the circuit court continuing jurisdiction over custody proceedings. MCL 722.26. The Court discussed two statutory schemes that operate concurrently with the Child Custody Act to provide the parties with alternative methods of dispute resolution: the domestic relations arbitration act and the Friend of the Court Act. MCL 600.5070 *et seq.* and 552.501 *et seq.*

The domestic relations arbitration act permits parties to agree to binding arbitration of child custody disputes. It contains numerous protections for them, including mandatory prearbitration disclosures and detailed procedural requirements. MCL 600.5072. The parties can seek circuit court review of the arbitration award. MCL 600.5080 specifically addresses awards concerning child custody:

(1) Subject to subsection (2), the circuit court shall not vacate or modify an award concerning child support, custody, or parenting time unless the court finds that the award is adverse to the best interests of the child who is the subject of the award or under the provisions of section 5081.

(2) A review or modification of a child support amount, child custody, or parenting time shall be conducted and is subject to the standards and procedures provided in other statutes, in other applicable law, and by court rule that are applicable to child support amounts, child custody, or parenting time.

(3) Other standards and procedures regarding review of arbitration awards described in this section are governed by court rule.

A separate provision, MCL 600.5081, generally addresses the manner in which the circuit court shall review a motion to vacate or modify an arbitration award.

Alternatively, parties to a custody dispute can present the issue to a friend of the court referee. If they elect this option, the circuit court may review the referee's recommendation in accordance with MCL 552.507(5). That subsection provides that the circuit court "shall hold a de novo hearing on any matter that has been the subject of a referee hearing" if either party requests such a hearing within twenty-one days after receiving the referee's recommendation.

The Court of Appeals concluded that, under either statute, the parties were entitled to have the circuit

court review the custody determination. For this reason, it held, "an agreement for a binding decision in a domestic-relations matter with no right of review in the court, as in this case, is without statutory support under either scheme." 257 Mich App 278, 289; 668 NW2d 187 (2003).

The Court then determined that the parties had not complied with the detailed procedural requirements of the domestic relations arbitration act. As a consequence, it held that the parties' agreement was governed by the Friend of the Court Act, MCL 552.507(5). The trial court should have addressed plaintiff's objections by holding a hearing de novo to review whether the custody recommendation was in the best interests of the children. The Court of Appeals summed up as follows:

> In the absence of any review by the trial court, as discussed above, and in the absence of a valid agreement for binding arbitration or an otherwise valid waiver of procedural requirements, plaintiff was improperly denied a hearing regarding her objections to the friend of the court's findings and recommendation. [257 Mich App 292.]

It vacated the custody order and remanded for a hearing de novo in the circuit court.

Defendant now seeks leave to appeal, asking this Court to reinstate the custody order awarding him sole legal and physical custody of the children.

## II.   STANDARD OF REVIEW

Whether parties to a divorce can by stipulation restrict the circuit court's authority to decide a custody issue is a question of law that we review de novo. *Cardinal Mooney High School v Michigan High School Athletic Ass'n*, 437 Mich 75, 80; 467 NW2d 21 (1991).

## III.   ANALYSIS

The Child Custody Act is a comprehensive statutory scheme for resolving custody disputes. *Van v Zahorik*, 460 Mich 320, 327; 597 NW2d 15 (1999). With it, the Legislature sought to "promote the best interests and welfare of children." *Fletcher v Fletcher,* 447 Mich 871, 877; 526 NW2d 889 (1994). The act applies to all custody disputes and vests the circuit court with continuing jurisdiction. MCL 722.26.

The act makes clear that the best interests of the child control the resolution of a custody dispute between parents, as gauged by the factors set forth at MCL 722.23. MCL 722.25(1). It places an affirmative obligation on the circuit court to "declare the child's inherent rights and establish the rights and duties as to the child's custody,

7

support, and parenting time in accordance with this act" whenever the court is required to adjudicate an action "involving dispute of a minor child's custody." MCL 722.24(1); *Van*, *supra* at 328. Taken together, these statutory provisions impose on the trial court the duty to ensure that the resolution of any custody dispute is in the best interests of the child.

Thus, we affirm the Court of Appeals decision to remand this case to the circuit court for a hearing de novo, but not for the reason stated by the Court of Appeals. It is irrelevant that the parties did not have a "valid agreement for binding arbitration or an otherwise valid waiver of procedural requirements . . . ." 257 Mich App 292. The Child Custody Act *required* the circuit court to determine the best interests of the children before entering an order resolving the custody dispute.

Our holding should not be interpreted, where the parties have agreed to a custody arrangement, to require the court to conduct a hearing or otherwise engage in intensive fact-finding. See MCL 552.513(2) and 600.5080(1). Our requirement under such circumstances is that the court satisfy itself concerning the best interests of the children. When the court signs the order, it indicates that it has done so. A judge signs an order only

8

after profound deliberation and in the exercise of the judge's traditional broad discretion. See *Greene v Greene,* 357 Mich 196, 202; 98 NW2d 519 (1959).

However, the deference due parties' negotiated agreements does not diminish the court's obligation to examine the best interest factors and make the child's best interests paramount. MCL 722.25(1). Nothing in the Child Custody Act gives parents or any other party the power to exclude the legislatively mandated "best interests" factors from the court's deliberations once a custody dispute reaches the court.

Furthermore, neither the Friend of the Court Act nor the domestic relations arbitration act relieves the circuit court of its duty to review a custody arrangement once the issue of a child's custody reaches the bench. The Friend of the Court Act states that the circuit court "shall" hold a hearing de novo to review a friend of the court recommendation if either party objects to that recommendation in writing within twenty-one days. MCL 552.507(5).

Likewise, MCL 600.5080 authorizes a circuit court to modify or vacate an arbitration award that is not in the best interests of the child. It requires the circuit court to review the arbitration award in accordance with the

9

requirements of other relevant statutes, including the Child Custody Act. The court retains authority over custody until the child reaches the age of majority. MCL 722.27(1)(c).

Thus, even when parties initially elect to submit a custody dispute to an arbitrator or to the friend of the court, they cannot waive the authority that the Child Custody Act confers on the circuit court. As the Court of Appeals has previously explained, parties "cannot by agreement usurp the court's authority to determine suitable provisions for the child's best interests." *Lombardo v Lombardo*, 202 Mich App 151, 160; 507 NW2d 788 (1993). See also *Napora v Napora*, 159 Mich App 241, 246; 406 NW2d 197 (1986). Permitting the parties, by stipulation, to limit the trial court's authority to review custody determinations would nullify the protections of the Child Custody Act and relieve the circuit court of its statutorily imposed responsibilities.

## IV. CONCLUSION

We agree with the Court of Appeals that parties cannot stipulate to circumvent the authority of the circuit court in determining the custody of children. In making its determination, the court must consider the best interests

of the children. Child custody determinations or agreements are not binding until entered by court order.

The Court of Appeals judgment in favor of plaintiff, remanding this case to the Family Division of the Oakland Circuit Court for a hearing de novo is affirmed, but for a reason different from that stated by that Court. MCR 7.302(G)(1).

Maura D. Corrigan
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

11