# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

THOMAS J. BLOCK,

Plaintiff-Appellee,

v

NICHOLAS R. GALBRAITH,

Defendant-Appellant,

and

SHARON A. GILES, Co-Guardian,

Appellant.

UNPUBLISHED
September 5, 2017

No.   335874
Huron Circuit Court
Family Division
LC No.   16-205987-DC

---

*In re* Guardianship of RAEGAN CORI
GALBRAITH.

---

THOMAS J. BLOCK, Co-Guardian of RAEGAN
CORI GALBRAITH, Minor,

Petitioner-Appellee,

v

SHARON A. GILES, Co-Guardian, and
NICHOLAS R. GALBRAITH,

Appellants.

No.   336095
Huron Probate Court
LC No.   16-040615-GM

---

*In re* Guardianship of ELIANA COLLEEN
GALBRAITH.

-1-

THOMAS J. BLOCK, Co-Guardian of ELIANA
COLLEEN GALBRAITH, Minor,

        Petitioner-Appellee,

v                                                                          No.  336096
                                                                           Huron Probate Court
SHARON A. GILES, Co-Guardian, and                                          LC No.  16-040616-GM
NICHOLAS R. GALBRAITH,

        Appellants.

Before:  STEPHENS, P.J., and K. F. KELLY and MURRAY, JJ.

PER CURIAM.

These consolidated appeals concern the guardianship and custody of two minor children, whose mother, Seana M. Block, died on July 10, 2016, as a result of an automobile accident. In Docket Nos. 336095 and 336096, Nicholas R. Galbraith, who is the defendant-appellant in Docket No. 335874 and an appellant in these other two appeals (hereafter "defendant"), the children's father, and appellant Sharon A. Giles,[1] defendant's mother and the children's paternal grandmother, appeal the trial court's September 14, 2016 order appointing appellant Giles and Thomas J. Block, Seana's father and the children's maternal grandfather, who is the plaintiff in Docket No. 335874 and the petitioner in the other two appeals (hereafter "plaintiff"), as "co-guardians" of the children. In Docket No. 335874, defendant appeals the trial court's November 4, 2016 order awarding joint legal custody of the children to plaintiff and defendant. This Court consolidated the appeals.[2] We reverse and remand for further proceedings.

I. BACKGROUND

---

[1] This Court granted defendant's motion to amend the claim of appeal to add Giles. *Block v Galbraith*, unpublished order of the Court of Appeals, entered February 9, 2017 (Docket Nos. 335874, 336095, and 336096). This Court ordered "that Sharon A. Giles shall be designated by the Clerk's Office as an appellant in each of these consolidated appeals." This Court clarified that the order "is without prejudice to appellee addressing Giles' standing in this matter in his brief on appeal."

[2] *Block v Galbraith*, unpublished order of the Court of Appeals, entered December 28, 2016 (Docket Nos. 335874, 336095, and 336096).

The two children were approximately seven and four at the time these proceedings commenced. The parties do not dispute that defendant signed an "acknowledgment of paternity" for both children. Defendant and Seana never married.

On July 9, 2013, defendant was sentenced in Texas to 10 years' imprisonment with credit for 496 days served after pleading guilty to a probation violation with robbery as the underlying crime. The trial court found that defendant's "maximum sentence date" was February 2020.

In an order of support and filiation entered on July 17, 2014, the circuit court ordered that Seana "shall have physical custody and control of the minor child . . . until the age of eighteen (18) years or until further order of the Court." The order was provided to the trial court at the August 26, 2016 motion hearing.

On July 11, 2016, the day after Seana's death, Andrea Jackson, plaintiff's ex-wife and the children's maternal grandmother, filed a petition to appoint a temporary guardian for each child. Jackson listed herself, Giles, and Becky Block (B. Block), plaintiff's current wife, as possible guardians. On the same day, Jackson, Giles, and B. Block were appointed as temporary guardians for the children, with the appointments expiring on August 16, 2016.

Ten days later, plaintiff filed in circuit court a verified complaint against defendant to establish custody, parenting time, and child support. Plaintiff averred that "he has actively participated in the minor children's lives and has provided a loving relationship and home environment for the minor children." Plaintiff asserted that he had "standing to bring this action" under MCL 722.26c (third person custody action) and requested "sole physical and sole legal custody" of the children. He simultaneously filed a motion seeking that same relief.

In response, defendant denied that plaintiff had standing and expressed his belief "that the best interests of the children would be served by having a limited guardianship for the children with his mother, Sharon Giles, while he is incarcerated." Defendant requested that the trial court dismiss plaintiff's motion and complaint.

A motion hearing was held on August 26, 2016. Defendant's counsel advised that defendant was "supposed to be available via telephone," but the court indicated that "the reason I haven't called [defendant] is the person who had sole custody of the children and based on what I can see in the file was in fact Seana." The court said that defendant could have demanded custody if he was not incarcerated and that "upon his release from prison, he has the right . . . to come forward and claim custody of his children." The court reasoned that "we have to make a . . . temporary placement, . . . until such time as he comes forward." The court encouraged the parties to reach an agreement on the children's placement, schooling, and visitation.

After a recess, the parties informed the court that an agreement could not be reached. The court then heard testimony from plaintiff and Giles, and arguments from counsel. The court, noting that "[t]his case is most unusual," then decided to "amend[] the guardianship" and appointed plaintiff and Giles as "the co-guardians of the children." The court stated that "placement is difficult" but decided that it had to follow "the educational plan" "started by the decedent," which was "a program in the public school." Accordingly, the court ruled that "when [the children] have to be in school, they have to be in the care of and custody of [plaintiff]."

On August 26, 2016, the trial court entered orders appointing plaintiff and Giles as the children's "full" guardians in the guardianship proceedings. The orders provided that "[t]his matter was also held in conjunction with a custody action in the Huron County 52nd Judicial Circuit Court. The attorneys of record will file a stipulated order as to the specifics in regards to the custody and guardianship action." In a subsequent order plaintiff and Giles were appointed co-guardians with Giles awarded alternating weekends with the children during the school year and equal time in the summer. The order also provided that defendant "may have a minimum of two phone calls per week with the minor children."

Defendant moved for reconsideration, asserting that the hearing was held to address plaintiff's "petition for custody" but asserted "[t]hat no determination of custody was made by the Court, rather a guardianship was ordered when no petition for guardianship was filed." Defendant argued that the court committed "a palpable error" by not allowing him to testify, and requested that the court "[e]nter an Order granting Defendant custody" after allowing him "to appear and testify on his own behalf regarding custody [of] his minor children."

The trial court heard oral argument on the motion for reconsideration, and ruled that plaintiff had standing under the Child Custody Act to request custody and that "the father and [plaintiff] are capable of having joint legal custody of the . . . children." The court thought "[t]he question of physical custody and parenting time is clouded in this case because of [defendant's] inability to be present." The court noted that defendant "in his role as a joint custodian was clear that he wished to have his mother participate in his stead," and stated that "by moving it to the guardianship and making what amounts to the two grandparents co-guardians, they effectively exercise those rights jointly over the children, and that's what I want." The court was "specifically trying to stay away from a finding of physical custody under the Uniform Child Custody Act because I do not want a presumption to be built at this point," and that under the guardianship provisions defendant would (once released from prison) be able to seek termination of the guardianship and "enter [into] a reunification plan."

As a result, the court denied the motion for reconsideration, stating, "I am still not making a finding on the Uniform Child Custody Act," and "I'm staying with where I was and that the [paternal grand]mother and [plaintiff] are co-guardians of the children and that there should be an ongoing visitation pattern." On November 4, 2016, the court entered an order providing that plaintiff had "standing in file number 16-205987-DC pursuant to MCL 722.26c regarding the minor children . . ." and that plaintiff and defendant "shall be awarded joint legal custody of" the children "in file numbers 16-40615-GM and 16-40616-GM." The court clarified that it "made no finding pursuant to the Child Custody Act. Therefore, no threshold of proper cause or change in circumstance exists if the parties wish to pursue custody rights in the future."

This appeal followed.

## II. ANALYSIS

We first address appellants' argument that the trial court erred when it awarded custody without complying with the provisions of the Child Custody Act (CCA). "Where an issue is first presented in a motion for reconsideration, it is not properly preserved." *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009). Defendant first argued

"[t]his case involves the Child Custody Act" and that the court would have to award custody in accordance with the CCA at the hearing on his motion for reconsideration.

Nonetheless, we will overlook the preservation requirement because "the issue involves a question of law and the facts necessary for its resolution have been presented," *Smith v Foerster-Bolser Constr, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006), and "[a]n affirmative duty imposed by the Legislature on a trial court cannot be sidestepped merely because a party does not remind the court of its responsibility." *Yachik v Yachik*, 319 Mich App 24, ___; ___ NW2d ___ (2017) (Docket No. 333834); slip op at 14.

This Court reviews unpreserved issues for plain error affecting substantial rights. *Demski v Petlick*, 309 Mich App 404, 426-427; 873 NW2d 596 (2015). "Generally, an error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *In re Utrera*, 281 Mich App 1, 9; 761 NW2d 253 (2008).

A circuit court's order resolving a child custody dispute "shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." MCL 722.28. "A trial court commits legal error when it incorrectly chooses, interprets, or applies the law." *Sulaica v Rometty*, 308 Mich App 568, 577; 866 NW2d 838 (2014).

For the reasons outlined below, we conclude that the trial court committed clear legal error when it (1) awarded the parties joint legal custody without first determining whether that was in the children's best interests and (2) failed to give the parental presumption any weight.

Section 4 of the CCA, MCL 722.21 *et seq.*, provides, in relevant part, that "[i]n all actions involving dispute of a minor child's custody, the court shall declare the child's inherent rights and establish the rights and duties as to the child's custody, support, and parenting time in accordance with this act." MCL 722.24(1). Section 5 states, "If a child custody dispute is between the parents, between agencies, or between third persons, the best interests of the child control." MCL 722.25(1). "Taken together, these statutory provisions impose on the trial court the duty to ensure that the resolution of any custody dispute is in the best interests of the child." *Harvey v Harvey*, 470 Mich 186, 192; 680 NW2d 835 (2004).

"If the child custody dispute is between the parent or parents and an agency or a third person, the court shall presume that the best interests of the child are served by awarding custody to the parent or parents, unless the contrary is established by clear and convincing evidence." MCL 722.25(1). "In every custody dispute involving the natural parent of a child and a third-person custodian, the strong presumption exists . . . that parental custody serves the child's best interests." *Heltzel v Heltzel*, 248 Mich App 1, 27; 638 NW2d 123.

MCL 722.23 defines the " 'best interests of the child' " as "the sum total of the" factors set forth in MCL 722.23(a)-(*l*). "In child custody cases, the family court must consider all the factors delineated in MCL 722.23 and explicitly state its findings and conclusions with respect to each of them." *Spires v Bergman*, 276 Mich App 432, 443; 741 NW2d 523 (2007). "Where a trial court fails to consider custody issues in accordance with the mandates set forth in MCL 722.23 and make reviewable findings of fact, the proper remedy is to remand for a new child

custody hearing." *Foskett v Foskett*, 247 Mich App 1, 12; 634 NW2d 363 (2001) (citation and quotation marks omitted).

A child custody dispute plainly existed and, therefore, the CCA governed the dispute, MCL 722.24(1), and the court was required to resolve the matter in the children's best interests, MCL 722.25(1); *Harvey*, 470 Mich at 192. Yet the trial court awarded plaintiff and defendant joint legal custody of the children and expressly "made no finding pursuant to the Child Custody Act." Because the court failed to resolve the custody dispute "in accordance with the mandates set forth in MCL 722.23 and make reviewable findings of fact, the proper remedy is to remand for a new child custody hearing." *Foskett*, 247 Mich App at 12 (citation and quotation marks omitted).

Plaintiff argues that the court was not required to make findings under the CCA because its joint custody order was made in the guardianship proceedings. But plaintiff presents no authority suggesting that a court can award custody of a minor in a guardianship proceeding, which is governed by the Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq.*, without considering the factors set forth in the CCA. To the contrary, "the Child Custody Act is the 'exclusive means' of pursuing child custody rights . . . ." *Eldred v Ziny*, 246 Mich App 142, 148; 631 NW2d 748 (2001) (citation omitted). Despite the practical and good faith attempts at resolving the matter, the trial court could not bypass the CCA's mandates by attributing its order of custody to the guardianship proceedings.

It appears that the trial court avoided making a finding under the CCA for the laudable purpose of allowing defendant to be able to seek physical custody of *his* children in the future without having to establish a proper cause or a change of circumstances, which is necessary for a court to modify or amend a previous judgment or order under the CCA. MCL 722.27(1)(c). But, regardless of the trial court's rationale, the court had a duty to resolve the child custody dispute "in the best interests of the child." *Harvey*, 470 Mich at 192. That required that the court "consider all the factors delineated in MCL 722.23 and explicitly state its findings and conclusions with respect to each of them." *Spires*, 276 Mich App at 443. It also required the trial court to enforce the parental presumption contained in MCL 722.25(1). *Hunter v Hunter*, 484 Mich 247, 265-266; 771 NW2d 694 (2009). The failure to do so requires reversal.[3]

---

[3] Plaintiff argues that "the trial court was presented with clear and convincing evidence that the best interests of the child were not served by awarding custody to the parent," considering that the parties did not dispute that defendant was serving a 10-year prison sentence. Even assuming that the court was presented clear and convincing evidence that awarding defendant custody was not in the children's best interests, the court was still required to reach that conclusion after "consider[ing], evaluat[ing], and determin[ing]," the best-interest factors. MCL 722.23. Nor do we accept the argument that the record shows that the court did consider the best interests factors. The record does not support that position, and in any event the trial court was required to "evaluate[], and determine[]" the factors in addition to considering them. MCL 722.23. Again, the court's failure to "make reviewable findings of fact" with regard to the best-interest factors

-6-

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray

---

warrants remand for a new custody hearing. *Foskett*, 247 Mich App at 12 (citation and quotation marks omitted).