# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 6, 2018

156644

GLORIA KATO KARUNGI,
      Plaintiff/Counterdefendant-
      Appellee,

v

RONALD LEE EJALU,
      Defendant/Counterplaintiff-
      Appellant.

_____/

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

SC: 156644
COA: 337152
Oakland CC Family Division:
2016-841198-DS

On order of the Court, the application for leave to appeal the September 26, 2017 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MCCORMACK, J. (*concurring*).

I agree with the Court's order denying leave to appeal, which properly leaves it to the trial court to resolve several fact-intensive legal questions in the first instance. Among those questions are, as the Court of Appeals noted, whether the contracts between the parties and the in vitro fertilization clinic affect the proper disposition of this case. While I express no opinion on the correct resolution of that issue, it is possible those contracts alone could prove outcome-determinative.

I write separately to note that the trial court should not avoid the question argued by the parties: whether frozen embryos are persons subject to a custody determination. The answer to that question could prove dispositive regarding whether the contracts resolve this dispute. See *Harvey v Harvey*, 470 Mich 186, 194 (2004) (stating that "parties cannot stipulate to circumvent the authority of the circuit court in determining the custody of children"). And if the trial court concludes that embryos are not subject to a custody determination, it is still bound to make a determination about the proper legal disposition of those embryos, if not under contract law or child custody law. Under

Const 1963, art 6, § 1, it has an obligation to exercise the judicial power to decide the dispute before it. See also MCL 600.605 (circuit courts "have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state").

Should it become necessary to determine the disposition of the embryos outside contract law or child custody law, the trial court may wish to avail itself of the nonbinding authorities that have grappled with these difficult questions. See, e.g., *Davis v Davis*, 842 SW2d 588, 604 (Tenn, 1992) (applying a balancing-of-interests test to determine the disposition of frozen embryos); Flannery, *"Rethinking" Embryo Disposition Upon Divorce*, 29 J Contemp Health L & Pol'y 233 (2013) (discussing three different approaches to the disposition of frozen embryos upon divorce).



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 6, 2018



Clerk

p0403