# STATE OF MICHIGAN

# COURT OF APPEALS

KIRK CHARLES HERALD,

        Plaintiff/Counterdefendant-
Appellant,

v

LAURIE MARIE ROZEK,

        Defendant/Counterplaintiff-
Appellee.

UNPUBLISHED
September 11, 2018

No. 339530
Ingham Circuit Court
Family Division
LC No. 15-000985-DM

Before: METER, P.J., and K. F. KELLY and GLEICHER, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order striking a parenting-time provision from the parties' consent judgment of divorce. We reverse.

The parties married on October 8, 2005, and they had three children during their marriage. On January 4, 2016, the trial court entered a judgment of divorce. The judgment of divorce documented the parties' agreement regarding custody and parenting time. It granted joint physical and joint legal custody to the parties. It also granted defendant slightly more parenting time during the school year and granted the parties equal parenting time during the children's summer break. However, the judgment of divorce also provided that the parenting-time schedule would be adjusted to give the parties equal parenting time beginning in September 2017.

On May 31, 2017, defendant filed a motion to amend the parties' judgment of divorce, claiming that the provision in the judgment of divorce providing for increased parenting time to plaintiff beginning in September 2017 was invalid. Defendant claimed that, because this was a change in parenting time, the trial court was required to find proper cause or a change in circumstances before allowing the change, which is something the trial court could not have done so far in advance of the change. Plaintiff responded that the modification was not a change in parenting time requiring proper cause or a change of circumstances because the parties agreed to the provision when they signed the judgment of divorce. Following a hearing, the trial court granted defendant's motion and ordered that the provision be stricken from the judgment of divorce.

-1-

On appeal, plaintiff argues that the trial court erred in striking the challenged provision from the judgment of divorce.[1] We agree.

" 'Orders regarding parenting time must be affirmed on appeal unless the trial court's findings were against the great weight of the evidence, the court committed a palpable abuse of discretion, or the court made a clear legal error on a major issue.' " *Shade v Wright*, 291 Mich App 17, 20-21; 805 NW2d 1 (2010), quoting *Pickering v Pickering*, 268 Mich App 1, 5; 706 NW2d 835 (2005). This Court applies a similar standard of review to questions regarding custody. See *Phillips v Jordan*, 241 Mich App 17, 20; 614 NW2d 183 (2000). "Under the great weight of the evidence standard, this Court should not substitute its judgment on questions of fact unless the facts clearly preponderate in the opposite direction." *Shade*, 291 Mich App at 21. A trial court has abused its discretion in a child-custody case if its "decision is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Id*. (quotation marks and citation omitted). A trial court has committed clear legal error if it "err[ed] in its choice, interpretation, or application of the existing law." *Id*. (quotation marks and citation omitted).

The Child Custody Act of 1970, MCL 722.21 *et seq*., governs all child-custody disputes. MCL 722.26; *Harvey v Harvey*, 470 Mich 186, 189, 192; 680 NW2d 835 (2004). "If the parents of a child agree on parenting time terms, the court shall order the parenting time terms unless the court determines on the record by clear and convincing evidence that the parenting time terms are not in the best interests of the child." MCL 722.27a(2).

Before the trial court can modify a previous custody judgment or order, the moving party must demonstrate proper cause or a change of circumstances. MCL 722.27(1)(c); *Phillips*, 241 Mich App at 24. If the modification would alter the child's established custodial environment, the moving party must show by clear and convincing evidence that the change is in the child's best interests. MCL 722.27(1)(c); *Phillips*, 241 Mich App at 25. The factors a trial court must consider in determining whether a change in custody is in the child's best interests are found in MCL 722.23. Likewise, when a parenting-time modification alters the established custodial environment, the moving party must present clear and convincing evidence that the change is in the child's best interests. *Shade*, 291 Mich App at 22-23. However, when a parenting-time modification does not alter the established custodial environment, the moving party must establish only by a preponderance of the evidence that the change is in the child's best interests. *Id*. at 23.

While a trial court must make findings under all the best-interests factors when making a custody decision, when making a parenting-time decision, the trial court need only make

---

[1] We reject defendant's assertion that this Court lacks jurisdiction over plaintiff's appeal. The July 25, 2017, order is reasonably interpreted as an order that "revers[es]" the judgment of divorce, hence becoming a new final order appealable as of right under MCR 7.202(6)(a)(*i*). At any rate, we find it appropriate to address the appeal regardless. See *Wardell v Hincka*, 297 Mich App 127, 133 n 1; 822 NW2d 278 (2012).

findings on the contested best-interests factors. *Shade*, 291 Mich App at 31-32. However, when the parties have come to an agreement about custody and parenting time, "[i]mplicit in the trial court's acceptance of the parties' custody and visitation arrangement is the court's determination that the arrangement struck by the parties is in the child's best interest." *Koron v Melendy*, 207 Mich App 188, 191; 523 NW2d 870 (1994). See also *Harvey*, 470 Mich at 192-193 (holding that when a trial court signs an order memorializing the parties' agreement regarding custody, it indicates that the trial court has "satisf[ied] itself concerning the best interests of the children").

When gradual changes to parenting time are incorporated in the trial court's original custody and parenting-time order, this does not qualify as a modification or amendment of custody or parenting time. See *Riemer v Johnson*, 311 Mich App 632, 648; 876 NW2d 279 (2015). On appeal, both parties in *Riemer* challenged the trial court's order, which "gradually adjust[ed] parenting time over the course of approximately three and one-half years and ultimately result[ed] in equal parenting time." *Id*. at 646. This Court rejected the defendant's reliance on MCL 722.27(1)(c) in this context, holding that the defendant's reliance on that statute was "misplaced" because the trial court's order "contemplated" the gradual changes and because the defendant "cite[d] no authority for the proposition that the full effect of the parenting time order was required to be implemented immediately." *Id*. at 648.

In this case, the judgment of divorce included a parenting-time provision that increased plaintiff's parenting time to equal parenting time beginning at the start of the school year in 2017. Plaintiff argues that the trial court's decision to strike that provision constituted a change in parenting time that should not have been made. Defendant responds that an agreement that modifies child custody in the future is invalid because it improperly "usurps the authority of a court," given that the trial court cannot know in advance whether proper cause or a change of circumstances will exist.

Here, when the trial court approved the parties' agreement, it implicitly decided that the agreement was in the best interests of the children. See *Koron*, 207 Mich App at 191, and *Harvey*, 470 Mich at 192-193. Because the judgment of divorce was the first custody or parenting-time order in this case and documented the agreed-upon future parenting-time modification, it was not a modification of a custody or parenting-time order. See *Riemer*, 311 Mich App at 648. MCL 722.27(1)(c) requires the threshold showing of proper cause or a change of circumstances before *modifying a judgment or order* regarding child custody. In this case, the prospective change was incorporated in the judgment of divorce; it was not itself an attempt to modify a judgment or order that was in place. Instead, the trial court's decision to strike the provision from the judgment of divorce was *itself* an improper modification of parenting time.[2]

Defendant argues that, if this Court agrees with plaintiff's argument, there would be "no limit on the permissible machinations" allowing for future changes to custody or parenting-time

---

[2] We note that defendant made no showing or even allegation of a proper cause or a change in circumstances justifying the modification of the judgment of divorce (i.e., the striking of the provision in question).

orders. However, this ignores the mandate that the trial court must determine whether an agreement is in the best interests of the child, see *Harvey*, 470 Mich at 192-193, and we are, quite simply, following the established caselaw of *Riemer*, 311 Mich App at 648.

Reversed.

/s/ Patrick M. Meter
/s/ Kirsten Frank Kelly
/s/ Elizabeth L. Gleicher