*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RANDY B. HANEY,

        Plaintiff-Appellant,

v

KATHLEEN A. HANEY,

        Defendant-Appellee.

UNPUBLISHED
July 23, 2019

No. 342019
Oakland Circuit Court
Family Division
LC No. 2012-802803-DO

Before: M. J. KELLY, P.J., and MARKEY and GLEICHER, JJ.

PER CURIAM.

Plaintiff appeals by leave granted a uniform spousal support order (USSO) entered by the trial court. We affirm.

On April 30, 2013, a consent judgment of divorce was entered by the court. In regard to spousal support, plaintiff was forever barred from receiving support, and defendant was to receive $1,500 per month for five years, with support terminating upon defendant's death or remarriage or the expiration of five years, whichever occurred first. On January 22, 2014, a consent order was entered decreasing plaintiff's spousal support obligation to $825 per month for a period of seven and a half years, as measured from the date of the divorce judgment. On December 30, 2014, an order was entered abating payment of spousal support for one year. A corresponding USSO was entered on that same date, indicating that plaintiff's spousal support obligation was $0, running from September 30, 2014, until either August 31, 2015, further order of the court, or upon plaintiff obtaining employment. The decrease and then abatement of spousal support discussed above originated with motions filed by plaintiff based on changed circumstances regarding his employment due to medical problems. Plaintiff's view at the time was that spousal support was "completely modifiable."

In September 2015, plaintiff moved to terminate spousal support, claiming that he was fully disabled and unable to work. The motion was referred to a domestic relations referee, and the referee subsequently recommended $300 in monthly spousal support for the duration of the obligation set forth in the divorce judgment and subsequent modifications. Defendant filed

-1-

objections to the recommendation, and plaintiff filed a motion asking for interim suspension of spousal support pending an evidentiary hearing on defendant's objections to the referee's recommendation. The trial court entered an interim consent USSO in July 2016. The USSO provided that plaintiff was to pay $500 per month in support effective June 1, 2016, until either defendant's remarriage or November 15, 2018. A full evidentiary hearing on plaintiff's motion to terminate spousal support and defendant's objections to the referee's recommendation was conducted in September 2016. The trial court took the matter under advisement, and on October 12, 2016, the court issued a written opinion and order. The court first found that there had been a change of circumstances. The trial court then ruled that defendant was "awarded modifiable spousal support in the amount of $500 per month until further order of the [c]ourt." The court directed defendant to prepare a USSO "consistent with" the court's opinion within seven days. The trial court did not mention anything about remarriage, nor did the court set spousal support for any particular period of time. Also, the court did not provide an effective date for the support award. The trial court denied plaintiff's motion for reconsideration.

Defendant failed to submit a USSO, and so plaintiff's counsel proceeded to prepare a USSO that was later executed by defendant's attorney. The USSO was signed by the trial court on January 10, 2017. The USSO awarded defendant $500 per month in spousal support, retroactively effective on October 1, 2015, and continuing until October 15, 2020, or defendant's remarriage. The effective date, the span of the obligation and end date, and the remarriage provision were not part of the trial court's opinion and order from October 2016.

On two motions for clarification filed by defendant regarding the USSO, which resulted in the parties' fighting over the nature of the court's ruling back in October 2016, the trial court entered a new USSO on July 19, 2017. The USSO provided that plaintiff's spousal support obligation was $500 per month until further order of the court, which is exactly what the court had ruled in its opinion and order of October 12, 2016. The support obligation under the USSO was made effective October 1, 2015. The trial court did not make the obligation subject to defendant's remarriage; the box next to "[r]emarriage of the payee" on the USSO was not checked by the court as an event that would impact support. At the hearing on the clarification motions, defense counsel had asked the court whether spousal support would continue if defendant remarried, and the court answered in the affirmative, noting, "I don't put restrictions on that" and "I never do that, and I actually don't agree with it[.]"

This Court granted plaintiff's delayed application for leave to appeal. *Haney v Haney*, unpublished order of the Court of Appeals, entered May 31, 2018 (Docket No. 342019). On appeal, plaintiff argues that the trial court erred in entering the final USSO dated July 19, 2017. Plaintiff contends that the USSO was inconsistent with the consent judgment of divorce and the various consent orders which tied the support obligation to defendant's remarriage and limited the period of time that support was to be in place. Plaintiff maintains that the parties' agreements as reflected in the consent orders controlled and could not be eviscerated by the court in the challenged USSO.

The question posed in this appeal concerns whether the trial court had the authority to enter the USSO and modify past consent judgments or orders. We conclude that this is a question of law, implicating de novo review. See *Harvey v Harvey*, 470 Mich 186, 191; 680

-2-

NW2d 835 (2004). In *Smith v Smith*, __ Mich App __, __; __ NW2d __ (2019); slip op at 2-3, this Court explained:

> MCL 552.28 generally authorizes a court to modify an award of spousal support, and it provides a statutory right to litigants to seek modification of spousal support. *Allard v Allard*, 318 Mich App 583, 599; 899 NW2d 420 (2017); *Staple v Staple*, 241 Mich App 562, 568; 616 NW2d 219 (2000). The parties are free, however, to forgo their statutory rights by clearly expressing in a settlement their intent to render a spousal support award final, binding, and nonmodifiable.

There was no language in the consent judgment of divorce indicating that the spousal support award to defendant was final, binding, and non-modifiable. Accordingly, the spousal support award was fully modifiable. Indeed, plaintiff himself expressly recognized and benefitted from this legal fact as evidenced by his filing multiple motions to modify spousal support and obtaining reductions. Moreover, the modified awards of spousal support, *including those reached by stipulation or consent*, did not indicate that they were final, binding, and non-modifiable. Therefore, those awards were subject to further modification based on a change of circumstances. See *Smith*, __ Mich App at __; slip op at 4 (modification of spousal support must be based on new facts or changed circumstances that arose since the divorce judgment). For example, defendant's consent in 2014 to an order of spousal support in the amount of $825 per month for seven and a half years did not mean that the period and amount of support could not be revisited.

Even the agreements subjecting the spousal support award to termination upon defendant's remarriage could be modified; it was just like any other component of an award. In part, plaintiff points to the July 2016 order of spousal support entered by consent which provided for a $500 monthly obligation terminating on defendant's remarriage or November 15, 2018. This was an *interim* order pending an evidentiary hearing to resolve plaintiff's motion to terminate spousal support and defendant's objections to the referee's recommendation. There was nothing permanent about it, and it was an order that could be modified because it was temporary in nature and because there was no language barring modification.

Contrary to plaintiff's argument the USSO dated January 10, 2017, which was signed by defendant's attorney and which provided for $500 in monthly support until 2020 or defendant's remarriage, was not a consent order in the true sense of a consent order. Rather, the USSO was required to be an order that reflected and was consistent with the trial court's written opinion and order issued in October 2016, which was entered after the parties fully litigated the issue of support modification during the evidentiary hearing.[1] When viewed in this narrow and proper context, the parties were not free to vary or alter the court's ruling *as to entry of this particular USSO*, although conceptually they could have entered into some newly-negotiated support

---

[1] A USSO "must accompany any judgment or order affecting child support or spousal support, and both documents must be signed by the judge." MCR 3.211(D)(1).

agreement.[2]  When parties are attempting to settle an order relative to a court's ruling, the fact that the parties ultimately agree to the language in the order does not make it a "consent" order. See MCR 2.602 (entry of judgments and orders).  Defense counsel, either by oversight, mistake, or ineptitude signed the January 2017 USSO, and the court then signed the order, ostensibly because the parties had executed the USSO without objection.  Contract law regarding consent agreements did not bar the trial court from entering the July 2017 USSO: the USSO was essentially part and parcel of the court's ruling in October 2016.  And we are not aware of any statute or court rule that precluded the trial court from entering a USSO that was based on and comported with the court's opinion and order on spousal support, instead of allowing the previous USSO, which was inconsistent with the court's ruling, to stand.  See MCR 2.602 ("The court shall sign the judgment or order when its form is approved by all the parties and if, in the court's determination, it comports with the court's decision.").

To the extent that plaintiff argues that in issuing its opinion and order in October 2016, the trial court lacked the authority to remove the remarriage provision and to make support payable until further order of the court, we find the argument without merit.  Plaintiff had filed the underlying motion to terminate spousal support, and the referee made a recommendation that plaintiff found unobjectionable.  But defendant timely objected to the referee's recommendation, entitling her to a judicial hearing and full de novo review by the trial court.  MCR 3.215(E) and (F).  The trial court undoubtedly had the authority to disregard the referee's recommendation, and nothing prohibited the court from modifying any and all aspects of earlier spousal support orders, including extending support until further order of the court and removing the remarriage provision.

Finally, MCR 3.211(D)(1) provides that a USSO "shall govern if the terms of the judgment or order conflict with the [USSO]."  There originally was a conflict here; however, this did not bar the court from modifying or amending the USSO and eliminating the conflict.

We affirm.  Having fully prevailed on appeal, we award taxable costs to defendant under MCR 7.219.

/s/ Michael J. Kelly
/s/ Jane E. Markey
/s/ Elizabeth L. Gleicher

---

[2] There is no indication that the parties negotiated a new agreement that was intended to deviate from the court's ruling and then placed it in the form of the January 2017 USSO.  Of course, had defendant not filed the motions for clarification which were more in the nature of a motion for reconsideration, MCR 2.119(F), or relief from judgment or order, MCR 2.612(1)(a) (mistake, inadvertence, excusable neglect), the USSO would have remained an intact, enforceable order.