*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VITA S. SHANNON,

　　　　　　Plaintiff-Appellant,

v

ARON L. RALSTON,

　　　　　　Defendant-Appellee.

UNPUBLISHED
March 12, 2020

Nos. 350094; 350110
Oakland Circuit Court
Family Division
LC No. 2017-852916-DC

Before: SHAPIRO, P.J., and JANSEN and M. J. KELLY, JJ.

PER CURIAM.

In Docket No. 350094, plaintiff appeals as of right an order confirming an arbitration award that granted defendant's motion to change primary physical custody of the parties' minor child, ES, to defendant. In Docket No. 350110, plaintiff appeals as of right a revised order confirming the same arbitration award. The appeals were consolidated. *Shannon v Ralston*, unpublished order of the Court of Appeals, entered August 19, 2019 (Docket Nos. 350094 and 350110). We affirm.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The present appeals constitute the eighth and ninth appeals that plaintiff has filed in this extremely contentious domestic relations action. This Court consolidated plaintiff's appeals in Docket Nos. 339944, 343213, 343886, 344356, 344418, and 346344, and issued a 32-page opinion on May 23, 2019, rejecting all of plaintiff's arguments in those appeals. See *Shannon v Ralston*, unpublished per curiam opinion of the Court of Appeals, issued May 23, 2019 (Docket Nos. 339944, 343213, 343886, 344356, 344418, and 346344) (*Shannon I*). Those appeals concerned plaintiff's repeated unsuccessful attempts to disqualify the arbitrator and to circumvent various unfavorable procedural rulings by the arbitrator. In rejecting plaintiff's arguments, this Court characterized some of plaintiff's contentions as "grasping at straws" and "last ditch efforts[.]" *Id*. at 23, 32. In a seventh appeal, in Docket No. 348481, plaintiff filed a delayed application for leave to appeal the trial court's order denying plaintiff's motion to dismiss for lack of jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), MCL 722.1101 *et seq.*. On June 19, 2019, this Court denied that delayed application for leave to appeal for lack of merit.

*Shannon v Ralston*, unpublished order of the Court of Appeals, entered June 19, 2019 (Docket No. 348481) (*Shannon II*).

The basic underling facts are set forth in this Court's opinion in *Shannon I*:

The parties were never married, but they have a five-year-old [now six-year-old] daughter [i.e., ES]. At the time the child was born, the parties lived in Colorado. When the child was approximately six months old, the parties agreed to a Parenting Plan in the District Court for the County of Denver, Colorado. The District Court also entered a related Order for Allocation of Parental Responsibilities. When the parties entered into the parenting plan, plaintiff was anticipating a move to Michigan. The parenting plan provided that, given the child's young age, plaintiff would have primary custody and defendant would have reasonable and liberal parenting time when he came to Michigan to visit. The Plan also provided that in the event of a controversy, the parties would agree to use a mediator and/or arbitrator to settle any disputes. Plaintiff and the child moved to Michigan in May 2014.

Michigan courts did not get involved in the matter until May 2017. Plaintiff alleged that the child made statements of sexual abuse against defendant in February 2017. Defendant's parenting time was limited during an investigation by Child Protective Services ("CPS"). On May 3, 2017, plaintiff moved to register the Colorado Parenting Plan as a foreign judgment in the Oakland County Circuit Court, Family Division and the Colorado Parenting Plan was registered as a foreign judgment on May 9, 2017.

As will be discussed in greater detail below, the court appointed an investigative GAL [i.e., a guardian ad litem] to help determine whether the child's alleged statements could be substantiated.[1] After resolution of the matter, the parties, in accordance with their parenting plan, selected a mediator and arbitrator to resolve parenting time issues, including plaintiff's imminent move to California. Plaintiff moved with the child to California without court permission or permission from defendant. She continues to reside there with the child. The California courts have refused to take jurisdiction over the custody dispute, instead deferring to Michigan to resolve the matter. This has created rather an anomaly in which none of the parties reside in Michigan. Plaintiff lives in California with the child and defendant continues to reside in Colorado. [*Shannon I*, unpub op at 2-3.]

The present appeals arise out of defendant's December 2017 motion to change custody. Defendant argued that a change of circumstances existed because plaintiff had moved with ES to California without the approval of the trial court or defendant. Also, defendant alleged that plaintiff repeatedly interfered with defendant's parenting time. For example, plaintiff kept

---

[1] The GAL found no evidence of sexual abuse, and CPS declined to pursue the matter following the child's interview by Care House. *Shannon I*, unpub op at 5-6.

changing her plans regarding where she and ES would be staying during the holiday period in December 2017, thus preventing defendant from seeing ES. Further, plaintiff enrolled ES in a preschool without defendant's consent and then withdrew her from the preschool without notice on the day that defendant arrived for a classroom visit. Defendant asked for physical custody of ES.

A hearing on defendant's motion to change custody was held in Michigan before the parties' chosen arbitrator ("the arbitrator") on April 16 and 17, 2018. Defendant appeared at the arbitration hearing on both dates. He testified on the first date of the arbitration hearing. Plaintiff failed to appear on the first date but appeared and testified on the second date of the arbitration hearing.

On March 14, 2019, the arbitrator issued his 39-page opinion and award granting defendant's motion to change custody. Although the arbitrator ruled in defendant's favor, defendant later filed with the arbitrator a motion to correct errors and omissions, essentially seeking clarification of certain aspects of the arbitrator's decision. Plaintiff did not file her own motion to correct errors and omissions but filed a response to defendant's motion, and in her response, plaintiff requested certain relief. Even though plaintiff's requests for relief were untimely, the arbitrator considered them anyway. On May 15, 2019, the arbitrator issued an opinion and award that clarified certain aspects of his March 14, 2019 opinion and award but did not alter the central decision to grant defendant's motion to change custody.

Defendant then filed in the trial court a motion to confirm the arbitration award. Plaintiff filed a response opposing defendant's motion and filed a motion to vacate the arbitration award. The trial court confirmed the arbitration award and stayed the change of custody pending appeal. These appeals ensued.

## II. DELAYED ISSUANCE OF ARBITRATION OPINION AND AWARD

Plaintiff first argues that the delay in the arbitration proceedings between the April 2018 arbitration hearing and the issuance of the March 14, 2019 opinion and award requires vacating the arbitration award. We disagree.

"This Court reviews de novo a circuit court's decision to enforce, vacate, or modify an arbitration award." *Cipriano v Cipriano*, 289 Mich App 361, 375; 808 NW2d 230 (2010). In child custody cases, "all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of the evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." MCL 722.28.

> Three different standards govern our review of a circuit court's decision in a child-custody dispute. We review findings of fact to determine if they are against the great weight of the evidence, we review discretionary decisions for an abuse of discretion, and we review questions of law for clear error. A clear legal error occurs here when the circuit court incorrectly chooses, interprets, or applies the law. De novo review applies to underlying issues of statutory interpretation. [*Kubicki v Sharpe*, 306 Mich App 525, 538; 858 NW2d 57 (2014) (quotation marks, ellipsis, and citations omitted).]

"The court's factual findings are against the great weight of the evidence if the evidence clearly preponderates in the opposite direction." *In re AP*, 283 Mich App 574, 590; 770 NW2d 403 (2009).

This Court has explained:

> Under the domestic relations arbitration act (DRAA), [MCL 600.5070 *et seq*.,] parties to a domestic-relations proceeding may stipulate to submit their disputed issues to binding arbitration, pursuant to a written contract that defines, dictates, and limits the powers of the arbitrator. By default, the trial court is required to enforce the arbitrator's award. However, the trial court is required to vacate the award under MCL 600.5080(1) if the trial court finds the award adverse to the best interests of the child or, relevant to the instant matter, under MCL 600.5081(2)(c), if the arbitrator exceeded his powers. An arbitrator exceeds his or her powers if the arbitrator acts in contravention of controlling law, or exceeds the powers that the parties' agreement granted to him. The phrase "exceed his powers" is essentially longstanding shorthand for deviating from the contract or controlling law. In order for a court to vacate an arbitration award because of an error of law, the error must have been so substantial that, but for the error, the award would have been substantially different. Any such error must be readily apparent on the face of the award without second-guessing the arbitrator's thought processes, and the arbitrator's findings of fact are immune from review altogether. [*Eppel v Eppel*, 322 Mich App 562, 571-572; 912 NW2 584 (2018) (quotation marks and citations omitted).]

Plaintiff argues that the delay in the arbitration process requires vacating the arbitrator's award granting defendant's motion to change custody. Plaintiff notes that the arbitration hearing occurred in April 2018 and that the award was issued almost a year later, on March 14, 2019. Therefore, plaintiff reasons, the arbitrator and the trial court failed to consider evidence concerning the period after the April 2018 arbitration hearing. Plaintiff says that the trial court must hold an evidentiary hearing in order to satisfy its obligation to determine that the arbitration award is in the best interests of ES. We disagree with plaintiff's arguments.

Initially, it must be observed that plaintiff caused the delay in the arbitration process. At the conclusion of the April 2018 arbitration hearing, the arbitrator directed the parties to file closing briefs within 21 days. In addition, the parties and the arbitrator agreed that, within 21 days, the parties would share certain financial information related to the computation of child support, which the parties agreed would be decided in conjunction with the custody issue. Plaintiff was directed to provide "a copy of her 17-1040 and all attached schedules along with a copy of her W-2." However, plaintiff never provided the required financial information. Instead, plaintiff made a series of unavailing challenges to the arbitrator's authority to decide issues in this case and to the jurisdiction of Michigan courts in this matter.[2] The arbitrator's March 14, 2019 opinion discusses

_____

[2] Many of the issues plaintiff raised, including efforts to disqualify the arbitrator and to challenge the jurisdiction of Michigan courts, were the subjects of prior appeals, and plaintiff has failed to

in detail plaintiff's obstructionist behavior in repeatedly refusing to turn over the financial information that she had previously agreed to share. In addition, the arbitrator correctly noted in his May 15, 2019 opinion that he asked the parties to provide proposed findings of fact and conclusions of law, that defendant complied with this request, and that plaintiff failed to comply.[3] Therefore, because plaintiff's refusal to provide the required financial information and proposed findings of fact and conclusions of law led to the delay about which she now complains, she is barred from claiming on appeal that she is entitled to appellate relief on the basis of this delay. See *Lewis v LeGrow*, 258 Mich App 175, 210; 670 NW2d 675 (2003) (error requiring reversal may not be predicated "upon alleged error to which the aggrieved party contributed by plan or negligence[]"). This issue is therefore waived. *Id.*

Moreover, plaintiff has not established the applicability of any ground for vacating the arbitrator's award. "Judicial review of arbitration awards is usually extremely limited, and that certainly is the case with respect to domestic relations arbitration awards." *Washington v Washington*, 283 Mich App 667, 671; 770 NW2d 908 (2009) (citation omitted). "Indeed, . . . a court's review of an arbitration award is one of the narrowest standards of judicial review in all of American jurisprudence." *Id.* at 671 n 4 (quotation marks, brackets, and citation omitted).

As she does in a later argument, plaintiff argues in connection with the present issue that the trial court failed to satisfy its obligation to ensure that the arbitrator's custody decision was in the best interests of ES. Plaintiff asserts that the trial court was required to hold an evidentiary hearing in order to determine what is in ES's best interests. We disagree.

"The Child Custody Act [of 1970 ("CCA"), MCL 722.21 *et seq*.,] governs all child custody disputes and gives the circuit court continuing jurisdiction over custody proceedings." *Harvey v Harvey*, 470 Mich 186, 189; 680 NW2d 835 (2004). "The [DRAA] permits parties to agree to binding arbitration of child custody disputes." *Id.* However, "[r]egardless of the type of alternative dispute resolution that parties use, the [CCA] requires the circuit court to determine independently what custodial placement is in the best interests of the children." *Id.* at 187.

The trial court's duty to make an independent determination regarding child custody does not require the court to conduct an evidentiary hearing in every case. "[A]s long as the circuit court is able to determine independently what custodial placement is in the best interests of the child[], . . . an evidentiary hearing is not required in all cases." *MacIntyre v MacIntyre*, 472 Mich

---

prevail in any of her appellate arguments. See *Shannon I*, unpub op at 31-32; *Shannon v Ralston*, unpublished order of the Court of Appeals, entered June 19, 2019 (Docket No. 348481).

[3] Plaintiff correctly notes that, at the end of the April 2018 arbitration hearing, the arbitrator did not directly ask for proposed findings of fact and conclusions of law. Instead, the arbitrator asked for "some follow-up" that would include closing briefs. However, on September 24, 2018, the arbitrator explicitly directed the parties to file proposed findings of fact and conclusions of law by October 15, 2018. The arbitration process was still ongoing at the time of the September 24, 2018 directive, given the parties' agreement to share financial information pertinent to the issue of child support, which was to be decided in conjunction with the custody issue, and given plaintiff's continuing failure to provide that financial information.

882, 882 (2005) (quotation marks, brackets, and citation omitted). In *MacIntyre*, our Supreme Court concluded that the circuit court in that case was able to make an independent custody determination without an evidentiary hearing. *Id*.

In this case, the trial court made an independent determination regarding ES's best interests, and an evidentiary hearing was not required to make that independent determination. The trial court amply demonstrated its familiarity with the facts of this case, and the court indicated that it had reviewed the entire record, including the transcripts of the arbitration hearing, the motions and briefs filed before the arbitrator, and the arbitrator's lengthy and detailed opinions. The trial court repeatedly emphasized its independent determination that the arbitrator's award was in ES's best interests. The trial court correctly recognized that it was not required to hold an evidentiary hearing in making that independent determination in this case, given the extensive record that exists.

Plaintiff's contention that an evidentiary hearing was required to consider updated evidence in light of the delay in the issuance of the arbitration award is highly suspect. As noted, plaintiff herself created that delay by her repeated and obstinate refusal to provide the required financial information that she had earlier agreed to produce, as well as by her failure to provide proposed findings of fact and conclusions of law. In addition, during the period between the April 2018 arbitration hearing and the issuance of the March 14, 2019 arbitration award, plaintiff never sought to present any updated evidence concerning the issue of custody. It was only after the unfavorable arbitration award was issued that she began to argue that updated evidence was needed. In effect, plaintiff harbored error as an appellate parachute by asking to submit updated evidence regarding custody only *after* the issuance of an arbitration award with which she was dissatisfied. See *Valentine v Valentine*, 277 Mich App 37, 39-40; 742 NW2d 627 (2007) (a party could not harbor error as an appellate parachute by waiting until after an arbitration award was issued before making an untimely claim challenging an order to arbitrate). Overall, in the present circumstances, the trial court correctly concluded that it was able to make an independent determination regarding best interests in this case without conducting an evidentiary hearing.

Further, to the extent plaintiff is suggesting that the arbitrator exceeded his powers because he failed to issue his opinion and award within 60 days after the end of the hearing, plaintiff's argument fails. MCL 600.5078(1) provides, "Unless otherwise agreed by the parties and arbitrator in writing or on the record, the arbitrator shall issue the written award on each issue within 60 days after either the end of the hearing or, if requested by the arbitrator, after receipt of proposed findings of fact and conclusions of law." As discussed, the arbitrator requested proposed findings of fact and conclusions of law, which plaintiff never provided. Moreover, the parties agreed that they would share certain financial information that would be used to decide the issue of child support in conjunction with the issue of custody, but again, plaintiff refused to provide the information that she had previously agreed to share. Therefore, the 60-day period was not triggered, and the arbitrator did not violate MCL 600.5078(1). Overall, plaintiff has failed to establish that the arbitrator committed an error of law readily apparent on the face of the award without second-guessing the arbitrator's thought processes and that the error was so substantial that, but for the error, the award would have been substantially different. *Eppel*, 322 Mich App at 572. The arbitrator therefore did not exceed his powers.

### III. FAILURE TO HOLD INDEPENDENT EVIDENTIARY HEARING

In her next argument, plaintiff again contends that the trial court failed to make an independent determination that the arbitrator's custody award was in ES's best interests. We again disagree.

Some of plaintiff's arguments for this issue are repetitive of her contentions discussed earlier. Plaintiff asserts that the trial court failed to independently determine that the arbitrator's custody award was in ES's best interests. And she again argues that the arbitrator and the trial court failed to consider information regarding ES that concerns the period after the April 2018 arbitration hearing. Plaintiff repeats her claim that an evidentiary hearing before the trial court is required. These arguments lack merit for the reasons already discussed.

Plaintiff cursorily claims there was insufficient evidence of a change of circumstances or proper cause to warrant revisiting the existing custody arrangement. This argument fails for multiple reasons. Plaintiff has cited no authority establishing judicial authority to review an arbitrator's determination regarding whether proper cause or a change of circumstances exists. "A party may not leave it to this Court to search for authority to sustain or reject its position." *Magee v Magee*, 218 Mich App 158, 161; 553 NW2d 363 (1996). This argument is therefore abandoned. *Id*. Although a trial court has authority to modify or vacate an arbitration award that is not in the child's best interests, *Harvey*, 470 Mich at 193, we have not been provided with any citation of authority allowing a trial court to revisit the arbitrator's determination whether proper cause or a change of circumstances exists. Further, it is well recognized that the trial court is not authorized to review the arbitrator's findings of fact. *Eppel*, 322 Mich App at 572; *Washington*, 283 Mich App at 672, 675. In any event, the arbitrator more than adequately explained his determination that plaintiff has been obstructionist in preventing defendant from exercising parenting time and that this comprised a significant change of circumstances that warranted revisiting the custody arrangement. See generally, *Gerstenschlager v Gerstenschlager*, 292 Mich App 654, 657; 808 NW2d 811 (2011) ("To establish a change of circumstances, the moving party must prove, by a preponderance of the evidence, that since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed.") (quotation marks and citation omitted).

Plaintiff argues that the arbitrator's findings on various best interest factors are against the great weight of the evidence. This argument fails. Although the trial court has authority to modify or vacate an arbitration award that is not in the best interests of the child, *Harvey*, 470 Mich at 193, the trial court lacks authority to review the arbitrator's findings of fact, *Washington*, 283 Mich App at 672, 675; see also *Eppel*, 322 Mich App at 572 (noting that "the arbitrator's findings of fact are immune from review altogether[]"). Under MCL 600.5080(1), the trial court "shall not vacate or modify an award concerning child support, custody, or parenting time unless the court finds that the award is adverse to the best interests of the child who is the subject of the award . . . ." As noted, the trial court in this case reviewed the extensive record and independently determined that the arbitrator's custody award was in ES's best interest. Hence, in these circumstances, no judicial review of the arbitrator's factual findings is allowed. In any event, we have reviewed each of plaintiff's particular arguments that the arbitrator's factual findings on the best interest factors are against the great weight of the evidence, and we discern no merit in any of plaintiff's arguments.

In addition, plaintiff says that the arbitrator's decision to "flip" the existing parenting time schedule "is patently not child focused[]" and that the arbitrator failed to consider the effect of this "flip" on ES. Plaintiff identifies nothing in the record to support her assertion on this point. As discussed, the arbitrator issued a careful, lengthy, and detailed opinion that focused on the best interests of ES. Plaintiff has failed to establish the applicability of any ground to vacate the arbitrator's decision.

## IV. DISQUALIFICATION OF ARBITRATOR

Plaintiff finally argues that, if the case is remanded for further proceedings, the case should not be referred back to arbitration or to the arbitrator; rather, plaintiff contends, any proceedings on remand must be held before the trial court. We need not reach this issue because the trial court's orders confirming the arbitrator's awards are affirmed and there is no reason to remand the case for further proceedings. In any event, we note that plaintiff's arguments on this issue lack merit.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Kathleen Jansen
/s/ Michael J. Kelly