Per Curiam.
 

 Defendant appeals by leave granted the trial court’s order vacating an arbitration award on the basis of fraud committed by defendant at the arbitration hearing and further ordering defendant to pay plaintiff a monetary award plus attorney fees. We affirm.
 

 In November 1992, the parties agreed to a consent judgment of divorce. Pursuant to the consent judgment, each party was to make the lease, insurance, and maintenance payments for the vehicle in that party’s possession. At the time of the divorce, plaintiff was in possession of a 1990 Honda vehicle. Disputes arose regarding the parties’ compliance with the terms of the divorce judgment, and in August 1993, the parties agreed to resolve the disputes through final and binding arbitration. Arbitration hearings, at which both parties were represented by counsel, were held in October and November 1993. After considering the obligations and credits of each party, the arbitrator entered an award on November 16, 1993, indicating that plaintiff owed defendant $498.35. The parties never sought to have the court confirm the arbitration award. Further disputes regarding compliance with the divorce judgment resulted in proceedings before the court in April 1994. Sometime thereafter, the court became aware of an allegation by plaintiff that defendant committed fraud during the arbitration hearings by concealing the fact that he had taken the Honda vehicle from plaintiff’s possession in March 1993. The court conducted an evidentiary hearing in August 1995, at which the arbitrator testified that he had credited defendant with pay-
 
 *537
 
 merits defendant made on the Honda and that his award most likely would have been different if he had known that defendant had taken the Honda from plaintiff in March 1993. After the evidentiary hearing, the trial court found that defendant committed fraud at the arbitration hearings and vacated the arbitration award.
 

 Defendant first argues that the trial court erred in vacating the arbitration award because neither party made an application to vacate the award. We disagree. This issue presents a question of law, which we review de novo.
 
 Cardinal Mooney High School v Michigan High School Athletic Ass’n,
 
 437 Mich 75, 80; 467 NW2d 21 (1991).
 

 We agree that neither party made a proper application to vacate the arbitration award. An application to vacate an arbitration award must be made by motion in the manner set forth in MCR 2.119. MCR 3.602(B)(1). However, upon becoming aware that the arbitration award was based on inaccurate information, the trial court sua sponte vacated the award. It is proper for a court to vacate an arbitration award procured by fraud. MCR 3.602(J)(l)(a). While MCR 3.602(J)(1) provides that the court may vacate an arbitration award on application of a party, it does not appear to prohibit the court from vacating an award sua sponte when the court becomes aware that the award was procured by fraud. Furthermore, while MCR 3.602(J)(2) provides that an application to vacate an arbitration award on the basis of fraud must be filed within twenty-one days after the grounds for the application are known or should have been known, the time limits imposed by the court rule are not jurisdictional.
 
 DAIIE v Gavin,
 
 416 Mich
 
 *538
 
 407, 422-423; 331 NW2d 418 (1982). Therefore, despite the fact that the parties knew of the fraud at the time the arbitration award was issued, in light of the arbitrator’s testimony that his award most likely would have been different if he had known that defendant took possession of the Honda in March 1993 and the absence of any prejudice to defendant in considering the issue in an untimely manner, we do not believe the trial court erred in considering the fraud issue.
 
 Id.
 
 at 424-425.
 

 Defendant further asserts that the court’s decision to address the fraud issue had to result from plaintiff’s ex parte communications with the court. Although defense counsel filed an affidavit with his brief on appeal that stated that he did not have any discussion with the court concerning fraud relative to the arbitration agreement, his allegation of ex parte communications was never raised before the trial court and there is no information on the record to shed light on the date, time, or circumstances surrounding the alleged ex parte communication. Therefore, we decline to address this issue.
 
 Booth Newspapers, Inc v Univ of Michigan Bd of Regents,
 
 444 Mich 211, 234; 507 NW2d 422 (1993).
 

 Next, defendant contends that plaintiff failed to establish that he committed fraud on the arbitrator or the court. We disagree. We will not disturb the trial court’s findings of fact unless they are clearly erroneous.
 
 Davidson v Bugbee,
 
 227 Mich App 264, 268; 575 NW2d 574 (1997). A finding is clearly erroneous if this Court is left with a definite and firm conviction that a mistake has been made.
 
 Id.
 

 “A fraud is perpetrated on the court when some material fact is concealed from the court or some
 
 *539
 
 material misrepresentation is made to the court.”
 
 Valentino v Oakland Co Sheriff,
 
 134 Mich App 197, 207; 351 NW2d 271 (1984), aff’d in part and rev’d in part 424 Mich 310; 381 NW2d 397 (1986);
 
 MacArthur v Miltich,
 
 110 Mich App 389, 391; 313 NW2d 297 (1981). Here, pursuant to the judgment of divorce, each party was to make the lease and insurance payments on the vehicle in that party’s possession. When the divorce judgment was entered in November 1992, plaintiff had possession of the 1990 Honda vehicle. The record of the evidentiary hearing indicated that plaintiff failed to make the lease payments on the Honda from November 1992 through February 1993. When defendant became aware that plaintiff was not making the payments, he made the payments on the Honda. Plaintiff testified that when she woke up on March 23, 1993, the Honda was gone. Defendant testified that he took the Honda from plaintiff’s possession because he was making the payments. The arbitrator testified that he credited defendant for the payments he made on the Honda from December 1992 through April 1993 and from July 1993 to November 1993.
 
 [1]
 
 The arbitrator further testified that he was not aware that defendant had taken the Honda from plaintiff in March 1993 and that, if he had had that information, his award most likely would have been different. We note that plaintiff knew that defendant took possession of the Honda in March 1993 and she could have informed the arbitrator of that information. However, under the circumstances of this case,
 
 *540
 
 we cannot conclude that the trial court’s finding that defendant committed fraud by failing to inform the court that he took the car from plaintiff was clearly erroneous.
 

 Finally, defendant argues that the trial court erred in ordering defendant to pay plaintiff’s attorney fees. However, defendant failed to preserve this issue for review. While defendant indicated on the record that he intended to file a motion for reconsideration of the court’s award of attorney fees, he never filed the motion and never stated the grounds for his apparent objection on the record.
 
 Booth Newspapers, supra
 
 at 234. Accordingly, we will not address this issue.
 

 Affirmed.
 

 [1]
 

 The arbitrator testified that he did not give defendant credit for the payments made in May and June 1993, because it was his understanding that the parties’ adult son had possession of the car, and was making the payments, during those months.