VALENTINE v VALENTINE

Docket No. 270793. Submitted September 5, 2007, at Detroit. Decided September 13, 2007. Approved for publication October 16, 2007, at 9:10 a.m.

Eugene Valentine was granted a divorce from Nancy Valentine in the Oakland Circuit Court, Cheryl A. Matthews, J., on May 12, 2006. The case had been sent to binding arbitration, the arbitration award was issued on December 15, 2005, and the arbitrator issued clarifications on January 4, 2006. The plaintiff filed an application to vacate the arbitration award on February 13, 2006. The application was denied in an order dated March 15, 2006. The plaintiff appealed, alleging that the order to arbitrate was void *ab initio* because the defendant testified during the arbitration proceedings that she was a victim of domestic violence and that the case therefore should not have been arbitrated without a waiver of the exclusion from arbitration of cases involving allegations of domestic violence as provided in MCL 600.5072(2).

The Court of Appeals *held*:

The plaintiff's application to vacate the arbitration award was untimely. The application, which did not allege that the award was predicted on corruption, fraud, or other undue means, was not filed within 21 days after the plaintiff received a copy of the award or the clarifications as required by MCR 3.602(J)(2).

Affirmed.

*Schwartz Law Firm, P.C.* (by *Jay A. Schwartz* and *Carmen Moyer*), for the plaintiff.

*Scott Bassett* for the defendant.

Before: O'CONNELL, P.J., and MURPHY and FITZGERALD, JJ.

Per Curiam. Plaintiff appeals as of right from the entry of the parties' judgment of divorce. We affirm.

Plaintiff claims that the trial court's order to arbitrate was void *ab initio* because it violated the domestic relations arbitration act (DRAA), MCL 600.5070 *et seq.*, by sending a case involving allegations of domestic violence to arbitration when the parties did not waive the exclusion of the case from arbitration. Plaintiff also alleges that the trial court erred in ruling that the exclusion/waiver provision only applies to victims of domestic violence.

Parties in domestic relations cases may stipulate to have their divorce action submitted to binding arbitration. MCL 600.5071. However, if "either party is subject to a personal protection order involving domestic violence or if, in the pending domestic relations matter, there are allegations of domestic violence or child abuse, the court shall not refer the case to arbitration unless each party to the domestic relations matter waives this exclusion." MCL 600.5072(2).

In this case, neither party was subject to a personal protection order and there were no allegations of domestic violence or child abuse in the pleadings or in any of the prearbitration court filings. See MCL 600.5072(2). Plaintiff asserts, however, that defendant testified during arbitration proceedings that she was the victim of domestic violence. We need not determine whether her testimony could be construed as containing allegations of domestic violence because we hold that plaintiff waited too long to raise this issue and, therefore, has lost his right to set aside the judgment of divorce.

MCR 3.602[1] governs the review of arbitration awards. MCR 3.602(J)(2) requires a party to file his or her application to vacate an arbitration award within 21 days after the party receives a copy of the award, unless the award "is predicated on corruption, fraud, or other undue means," in which event the application must be filed within 21 days after "the grounds are known or should have been known." The instant arbitration award was issued on December 15, 2005. The arbitrator issued clarifications requested by defendant on January 4, 2006. Regardless of whether this Court uses the date of December 15, 2005, or January 4, 2006, as the date that the 21-day filing period began, plaintiff's application to vacate the arbitration award was untimely because it was filed on February 13, 2006, nearly two months after the award was issued and 40 days after the clarifications were issued. Plaintiff did not allege that the arbitrator's award was predicated on corruption, fraud, or other undue means. See MCR 3.602(J)(2).

Furthermore, it would be unjust to allow plaintiff to set aside the award upon such an untimely application because he had ample time to object to the arbitration. Instead of lodging a timely challenge, plaintiff waited until the award was issued, decided he was dissatisfied with the award, and then moved to set aside the award

---

[1] We note that MCR 3.602(A) limits the rule's applicability to statutory arbitration under MCL 600.5001 to 600.5035. Nonetheless, we apply the rule to domestic relations arbitration given the directive found in MCL 600.5081(6), "Other standards and procedures relating to review of arbitration awards described in subsection (1) are governed by court rule." Subsection 1 provides: "If a party applies to the circuit court for vacation or modification of an arbitrator's award issued under this chapter, the court shall review the award as provided in this section or section 5080." MCL 600.5081(1). Section 5080, MCL 600.5080, governs the vacation or modification of an award concerning child support, custody, or parenting time.

on the ground that defendant made allegations of domestic violence. On numerous occasions, this Court has denied a party the right to raise an appellate challenge when the party harbored an error as an "appellate parachute." See, e.g., *In re Gazella*, 264 Mich App 668, 679; 692 NW2d 708 (2005); *Marshall Lasser, PC v George*, 252 Mich App 104, 109; 651 NW2d 158 (2002); *Weiss v Hodge (After Remand)*, 223 Mich App 620, 636; 567 NW2d 468 (1997); *Dresselhouse v Chrysler Corp*, 177 Mich App 470, 477; 442 NW2d 705 (1989). We do so again.

Affirmed.