*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KATHY A. MACZIK,

       Plaintiff-Appellant,

v

KENNETH O. MACZIK,

       Defendant-Appellee.

UNPUBLISHED
September 14, 2023

No. 363954
Midland Circuit Court
LC No. 19-006073-DO

Before: GLEICHER, C.J., and JANSEN and RICK, JJ.

PER CURIAM.

Plaintiff appeals as of right from a judgment of divorce entered on November 9, 2022. Relatedly, this case also concerns an order denying her motion to vacate an order for arbitration and an arbitration award, entered November 18, 2022. We affirm.

## I. FACTUAL BACKGROUND

This action arises out of plaintiff's divorce from defendant. Plaintiff filed a complaint for divorce on March 4, 2019, alleging a breakdown of the marital relationship and asking for the court to dissolve the marriage. On March 18, 2019, defendant filed an answer to the complaint for divorce, as well as a counterclaim for divorce, which also generally cited a breakdown in the marriage and requested that it be dissolved.

Relevant to this appeal, on July 13, 2021, the trial court entered a stipulated order for binding arbitration. The order indicated that the parties had agreed to have Robert Looby, a certified public accountant (CPA), serve as the arbitrator. The case thus proceeded to arbitration, and the arbitrator entered his award on August 28, 2021. On April 8, 2022, plaintiff filed a motion to vacate the arbitrator's award. We note that although a copy of the motion is attached to each party's brief on appeal, it does not appear in the register of actions, nor is a copy included in the lower court file. On appeal, defendant explains that the motion was presented to the trial court and then withdrawn, but the record contains no information that would allow for a determination of whether such is true. Suffice it to say that the parties do not dispute that the motion to vacate was presented in the lower court at some point, even if it was never officially filed.

-1-

In the motion to vacate, plaintiff asserted that settlement had not been achieved and that she did not give her consent to arbitration in this case. Soon afterward, on April 19, 2022, the trial court entered an order adjourning a *pro confesso* hearing, noting that the parties were returning to arbitration, which the court stated would "assist in resolution of all outstanding issues." The parties indicate on appeal that the motion to vacate was presented and then withdrawn without being filed because the parties agreed to return to arbitration in order to settle their remaining issues. On July 29, 2022, Looby submitted a letter to the parties indicating that another arbitration meeting was held on July 13, 2022, and that his findings and awards from August 28, 2021, remained unchanged.

On October 3, 2022, defendant filed a motion for entry of a divorce judgment, stating that Looby had entered his arbitration award in August 2021, and offering a proposed judgment of divorce for the trial court's review. That same day, plaintiff filed a motion to vacate the order of arbitration and the arbitration award, and an answer to defendant's motion for entry of a divorce judgment. Unlike the first motion to vacate, this motion was properly filed in the lower court. In the motion to vacate the order of arbitration, plaintiff stated that under MCL 600.5072(1) of the Domestic Relations Arbitration Act (DRAA), a court could not order her to participate in arbitration unless she had acknowledged that she had been provided with information about the arbitration in writing or on the record. She argued that the arbitration was invalid because she had never expressly agreed to take the case to arbitration. Plaintiff further argued that the award was invalid because Looby was not a licensed attorney, and therefore was never statutorily permitted to serve as an arbitrator under MCL 600.5073. Plaintiff thus asked the court to vacate the order of arbitration and the award.

On October 28, 2022, defendant filed an answer to plaintiff's motion to vacate the order of arbitration and award. He argued therein that the motion to vacate the arbitrator's award was untimely because it was not filed within 21 days after the award was entered, per MCR 3.602(J). Defendant argued that plaintiff had no qualms with Looby serving as the arbitrator or with any other aspect of the arbitration until after he entered the arbitration award, suggesting that she harbored her claim of error until she was able to determine whether she was satisfied with the arbitrator's findings and overall award. Defendant contended that plaintiff could not effectively harbor an "appellate parachute" to avoid the timeliness requirements under MCR 3.602(J). Defendant asked the trial court to deny the motion to vacate.

A hearing on the motions was held, and the parties largely argued consistent with the motions and briefing previously submitted to the court. The trial court ultimately agreed that plaintiff's complaints about the arbitration award were untimely, and that defendant's motion for entry of a divorce judgment should be granted. The court explained:

> [L]ooking at MCR 3.602, subparagraph (J) (3), it indicates that a motion to vacate an award in a domestic relations case, must be filed within 21 days after the date of the award. The Court is of the opinion that had this matter been filed within 21 days, there clearly would have been clear authority for the Court to set aside the award as it apparently was not done in conformance with the statutory requirements. However, the Court is also of the opinion that at this point that has not been—that is no longer available.

> [C]lear language in a Court rule must be applied as written. MCR 3.602(J) (3) states that a motion to vacate [an] arbitration award must, quotation, "Must be filed with[in] 21 days of the award," close quote. The use of the term "must," in quotations, indicates something that is mandatory. Because its use of the term "must" in forming MCR 6—3.602(J) denotes mandatory actions, the trial court properly denied the [plaintiff's] untimely motion to vacate an arbitration award. [Plaintiff's] failure to timely file a motion to vacate the arbitrations award, precludes any relief on appeal.

Thus, on November 9, 2022, the trial court entered a judgment of divorce. On November 18, 2022, the trial court entered an order denying plaintiff's motion to vacate the order of arbitration and the award. This appeal followed.

## II. ANALYSIS

Plaintiff argues that the trial court erred by denying her motion to vacate the order of arbitration and the award, as well as by entering a judgment of divorce. We disagree.

This Court reviews de novo the proper interpretation and application of statutes, such as the DRAA, MCL 600.5070 *et seq*. See *Eggleston v Bio-Medical Applications of Detroit, Inc*, 468 Mich 29, 32; 658 NW2d 139 (2003). The scope of an arbitrator's authority under an arbitration agreement is a matter of contract interpretation, which this Court reviews de novo. *Miller v Miller*, 474 Mich 27, 30; 707 NW2d 341 (2005). This Court also reviews de novo whether the arbitrator's award is contrary to law. *Id*., citing *Detroit Automobile Inter-Ins Exchange v Gavin*, 416 Mich 407, 433–434; 331 NW2d 418 (1982). Similarly, this Court reviews de novo a trial court's decision on a motion to vacate or modify an arbitration award. *Washington v Washington*, 283 Mich App 667, 671; 770 NW2d 908 (2009).

Plaintiff first states that the order for arbitration was invalid, and that the resulting arbitration award cannot be upheld because the order for arbitration did not meet the requirements of MCL 600.5072(1). Parties in a divorce case are permitted to agree to binding arbitration under the DRAA. *Harvey v Harvey*, 470 Mich 186, 189; 680 NW2d 835 (2004), citing MCL 600.5072. "[T]he DRAA requires a written arbitration agreement setting out the subject of the arbitration and the arbitrator's powers." *Miller*, 474 Mich at 34, citing MCL 600.5071 and 5072(1). Under MCL 600.5071, parties in a divorce action may "stipulate to binding arbitration by a signed agreement that specifically provides for an award" with respect to a variety of issues including: "allocation of the parties' responsibility for debt as between the parties;" "real and personal property;" and any "other contested domestic relations matters." An order for arbitration must conform to a specific set of requirements, set forth in MCL 600.5072(1), which states:

> (1) The court shall not order a party to participate in arbitration unless each party to the domestic relations matter acknowledges, in writing or on the record, that he or she has been informed in plain language of all of the following:
>
> (a) Arbitration is voluntary.

(b) Arbitration is binding and the right of appeal is limited.

(c) Arbitration is not recommended for cases involving domestic violence.

(d) Arbitration may not be appropriate in all cases.

(e) The arbitrator's powers and duties are delineated in a written arbitration agreement that all parties must sign before arbitration commences.

(f) During arbitration, the arbitrator has the power to decide each issue assigned to arbitration under the arbitration agreement. The court will, however, enforce the arbitrator's decisions on those issues.

(g) The party may consult with an attorney before entering into the arbitration process or may choose to be represented by an attorney throughout the entire process.

(h) If the party cannot afford an attorney, the party may wish to seek free legal services, which may or may not be available.

(i) A party to arbitration will be responsible, either solely or jointly with other parties, to pay for the cost of the arbitration, including fees for the arbitrator's services. In comparison, a party does not pay for the court to hear and decide an issue, except for payment of filing and other court fees prescribed by statute or court rule for which the party is responsible regardless of the use of arbitration. [MCL 600.5072(1).]

Here, the only order discussing arbitration is the stipulated order for arbitration entered by the trial court on July 13, 2021. The order states, in relevant part:

> IT IS THEREFORE ORDERED that based upon representations of counsel, the case will be submitted to binding Arbitration. The choice of Arbitrator, based upon his decades of experience as a CPA, is Mr. Robert Looby of Saginaw, Michigan, who is an individual already familiar with the facts and circumstances of this case.
>
> Arbitration costs and fees for the Arbitrator will be shared equally by the parties according to terms established between counsel for the parties and the Arbitrator.
>
> The Arbitrator will have the full authority available to an Arbitrator according to Michigan Court Rule.
>
> Both litigants in this case will cooperate with all scheduled Arbitration sessions.
>
> Counsel will report to the Court along with the Arbitrator when Arbitration has been completed.

-4-

Plaintiff claims that the arbitration is invalid because the parties did not sign a separate arbitration or matrimonial agreement, and because the order for arbitration did not conform to MCL 600.5072(1). We disagree with the portion of plaintiff's argument regarding a separate arbitration agreement, as "[n]othing in the DRAA mandates that there be an agreement separate from the stipulated order" to arbitrate. *Miller*, 474 Mich at 34. Instead, as "long as the parties agree to some document that meets the minimal requirements of MCL 600.5071 and MCL 600.5072(1)(e), the agreement is sufficient." *Id*. at 34-35.

In this case, the order for arbitration does not appear to satisfy those "minimal requirements." The order does not indicate that arbitration was voluntary, that the outcome of the arbitration was binding and appellate review is limited, or that arbitration is not recommended for domestic violence and may not be appropriate in other domestic cases. MCL 600.5072(1)(a)-(d). It barely acknowledges the rights and duties of the arbitrator, and only counsel for the parties signed the order. MCL 600.5072(e). There is no other evidence in the record to suggest that the requirements of MCL 600.5072 were met. Thus, plaintiff's argument on this point has some merit.

Plaintiff is also correct that the parties' choice of arbitrator violated MCL 600.5073. Under the statute,

> (2) The court shall not appoint an arbitrator under this chapter unless the individual meets all of the following qualifications:
>
> (a) Is an attorney in good standing with the state bar of Michigan.
>
> (b) Has practiced as an attorney for not less than 5 years before the appointment and has demonstrated an expertise in the area of domestic relations law.
>
> (c) Has received training in the dynamics of domestic violence and in handling domestic relations matters that have a history of domestic violence. [MCL 600.5073(2).]

There is no dispute that Looby was a CPA and not an "attorney in good standing with the state bar of Michigan." MCL 600.5073(2). Consequently, even though the parties initially stipulated to his appointment as their arbitrator, he did not meet the requirements to be appointed as an arbitrator by the court under the applicable statute.

However, plaintiff's motion to vacate the order of arbitration and the award were filed long past the applicable deadline. Under MCR 3.602(J)(3),

> A motion to vacate an award must be filed within 91 days after the date of the award. However, if the motion is predicated on corruption, fraud, or other undue means, it must be filed within 21 days after the grounds are known or should have been known. A motion to vacate an award in a domestic relations case must be filed within 21 days after the date of the award.

The parties do not dispute that the arbitration award was entered on August 28, 2021. The parties also do not dispute that plaintiff presented her first motion to vacate the order of arbitration on April 8, 2022, although as previously noted, that motion was never properly filed in the trial court.

The second motion to vacate was filed October 3, 2022. This means that 223 days elapsed between the arbitration award and the first motion to vacate, and 401 days elapsed between the award and the second motion to vacate. Thus, the motion was clearly untimely.[1]

Even though the order for arbitration may be viewed as violating Michigan law, we are compelled to conclude that it must be upheld. In *Valentine v Valentine,* 277 Mich App 37; 742 NW2d 627 (2007), a panel of this court rejected the plaintiff's claim that an order for arbitration was void *ab initio*, and thus had to be vacated. There, the parties agreed to arbitration, and during the arbitration process, the defendant testified that the plaintiff was abusive toward her. *Id*. at 38. The arbitrator issued the award, and the plaintiff thereafter filed an objection, claiming that the award was void *ab initio* due to the defendant's testimony. *Id*. However, the plaintiff's objections fell outside the 21-day requirement mandated by MCR 3.602(J)(2). *Id*. at 39. The plaintiff did not argue that the award was obtained by fraud, corruption, or undue means. *Id*. Citing their disdain for harboring error as an appellate parachute, our court rejected the plaintiff's efforts. *Id.* at 40. We must do the same in this case.

Relatedly, plaintiff's final argument here is that the arbitration award should be invalidated because it was procured through fraud. She cites *Matley v Matley*, 234 Mich App 535; 594 NW2d 850 (1999), vacated and remanded on other grounds 461 Mich 897; 603 NW2d 780 (1999), for the proposition that a trial court may, on its own recognizance, invalidate an arbitration award procured through fraud. While it is true that a court may invalidate an award procured through fraud, *Matley*, 234 Mich App at 537, plaintiff has not presented evidence that fraud was committed here. In light of the lack of evidence of "corruption, fraud, or other undue means," MCR 3.602(J)(3), plaintiff's failure to timely request that the arbitration award be vacated precludes this Court from granting her relief on appeal.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Kathleen Jansen
/s/ Michelle M. Rick

---

[1] Plaintiff further contends that because the entire arbitration proceeding was invalid, she should have been held to the 91-day filing deadline, not the 21-day filing deadline. Although she never explicitly makes the argument on appeal, plaintiff appears to be basing her calculations off of the July 29, 2022 letter from Looby indicating that he would not be altering the arbitration findings or award. Sixty-six days elapsed between July 29, 2022, and October 3, 2022, when plaintiff filed her motion to vacate. If this Court were to conclude that the 91-day deadline applies, plaintiff's motion would be timely. However, the 91-day deadline plainly does not apply because this case involves a divorce arbitration. That the order for arbitration and the arbitrator were not statutorily adequate does not mean that the proceeding itself was not still a "domestic relations" or divorce arbitration, and plaintiff cites no authority for the argument that the 91-day deadline applies in divorce cases if the arbitration award is ruled invalid. Thus, plaintiff's argument on this point is utterly without merit.