*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VITA S. SHANNON,

   Plaintiff-Appellant,

v

ARON L. RALSTON,

   Defendant-Appellee.

UNPUBLISHED
March 14, 2024

No. 363349
Oakland Circuit Court
Family Division
LC No. 2017-852916-DC

Before: GARRETT, P.J., and RIORDAN and LETICA, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order confirming an arbitrator's September 30, 2021 and November 3, 2021 opinions and awards of attorney fees to defendant in this protracted litigation arising from a custody dispute over the parties' daughter, ES. We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

The present appeal constitutes the eleventh that plaintiff has filed in this highly contentious domestic relations action. In *Shannon v Ralston*, unpublished per curiam opinion of the Court of Appeals, issued March 12, 2020 (Docket Nos. 350094 and 350110) (*Shannon III*), which concerned plaintiff's eighth and ninth appeals, this Court summarized the appellate history up to that point as follows:

> This Court consolidated plaintiff's appeals in Docket Nos. 339944, 343213, 343886, 344356, 344418, and 346344, and issued a 32-page opinion on May 23, 2019, rejecting all of plaintiff's arguments in those appeals. See *Shannon v Ralston*, unpublished per curiam opinion of the Court of Appeals, issued May 23, 2019 (Docket Nos. 339944, 343213, 343886, 344356, 344418, and 346344) (*Shannon I*). Those appeals concerned plaintiff's repeated unsuccessful attempts to disqualify the arbitrator and to circumvent various unfavorable procedural rulings by the arbitrator. In rejecting plaintiff's arguments, this Court characterized some of plaintiff's contentions as "grasping at straws" and "last ditch efforts[.]" *Id*. at 23, 32. In a seventh appeal, in Docket No. 348481, plaintiff filed a delayed application

-1-

for leave to appeal the trial court's order denying plaintiff's motion to dismiss for lack of jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), MCL 722.1101 *et seq*. On June 19, 2019, this Court denied that delayed application for leave to appeal for lack of merit. *Shannon v Ralston*, unpublished order of the Court of Appeals, entered June 19, 2019 (Docket No. 348481) (*Shannon II*). [*Shannon III*, unpub op at 1-2.]

In *Shannon I*, this Court summarized the basic underlying facts of the case as follows:

The parties were never married, but they have a five-year-old [now 10-year-old] daughter [i.e., ES]. At the time the child was born, the parties lived in Colorado. When the child was approximately six months old, the parties agreed to a Parenting Plan in the District Court for the County of Denver, Colorado. The District Court also entered a related Order for Allocation of Parental Responsibilities. When the parties entered into the parenting plan, plaintiff was anticipating a move to Michigan. The parenting plan provided that, given the child's young age, plaintiff would have primary custody and defendant would have reasonable and liberal parenting time when he came to Michigan to visit. The Plan also provided that in the event of a controversy, the parties would agree to use a mediator and/or arbitrator to settle any disputes. Plaintiff and the child moved to Michigan in May 2014.

Michigan courts did not get involved in the matter until May 2017. Plaintiff alleged that the child made statements of sexual abuse against defendant in February 2017. Defendant's parenting time was limited during an investigation by Child Protective Services ("CPS"). On May 3, 2017, plaintiff moved to register the Colorado Parenting Plan as a foreign judgment in the Oakland County Circuit Court, Family Division and the Colorado Parenting Plan was registered as a foreign judgment on May 9, 2017.

As will be discussed in greater detail below, the court appointed an investigative GAL [i.e., a guardian ad litem] to help determine whether the child's alleged statements could be substantiated.[1] After resolution of the matter, the parties, in accordance with their parenting plan, selected a mediator and arbitrator to resolve parenting time issues, including plaintiff's imminent move to California. Plaintiff moved with the child to California without court permission or permission from defendant. She continues to reside there with the child. The California courts have refused to take jurisdiction over the custody dispute, instead deferring to Michigan to resolve the matter. This has created rather an anomaly in which none

---

[1] "The GAL found no evidence of sexual abuse, and CPS declined to pursue the matter following the child's interview by Care House." *Shannon III*, unpub op at 2 n 1, citing *Shannon I*, unpub op at 5-6.

of the parties reside in Michigan. Plaintiff lives in California with the child[2] and defendant continues to reside in Colorado. [*Shannon I*, unpub op at 2-3.]

In Docket Nos. 350094 and 350110, plaintiff appealed as of right from orders confirming a March 14, 2019 arbitration award that granted defendant's motion to change primary physical custody of ES to defendant. *Shannon III*, unpub op at 1. On appeal, plaintiff argued that a delay in the arbitration process required vacating the arbitrator's award. *Id*. at 3-4. In rejecting plaintiff's argument, this Court stated that plaintiff herself had caused the delay in the arbitration process. *Id*. at 4-5. This Court noted the arbitrator's finding that plaintiff had engaged in "obstructionist behavior" by "repeatedly refusing to turn over the financial information that she had previously agreed to share." *Id*. She also had failed to comply with the arbitrator's requirement to provide proposed findings of fact and conclusions of law. *Id*. at 5. This obstructionist behavior caused the delay about which plaintiff complained on appeal. *Id*. Plaintiff had not established any ground for vacating the arbitrator's award. *Id*. at 5. This Court rejected plaintiff's contention that the trial court had failed to make an independent determination that the arbitrator's custody decision was in ES's best interests. *Id*. at 5-8. The trial court was not required to hold an evidentiary hearing in order to make an independent determination regarding ES's best interests. *Id*. at 5-7. This Court thus affirmed the trial court's orders. *Id*. at 8.

Plaintiff's tenth appeal was in Docket No. 352292. Plaintiff filed a delayed application for leave to appeal the trial court's confirmation of the arbitrator's child-support and parenting-time determinations. This appeal was from the same order that was appealed in Docket No. 350094, but plaintiff had not challenged the child-support determination in Docket No. 350094. This Court denied the delayed application for leave to appeal "for lack of merit in the grounds presented." *Shannon v Ralston*, unpublished order of the Court of Appeals, entered April 29, 2020 (Docket No. 352292). In sum, plaintiff failed to prevail in any of her 10 prior appeals.

In the arbitrator's March 14, 2019 opinion and award that granted defendant's motion to change primary physical custody of ES to defendant and determined parenting-time and child-support issues (i.e., the arbitrator opinion and award that was confirmed by the trial court and led to plaintiff's appeals in Docket Nos. 350994, 350110, and 352292), the arbitrator also ruled that defendant was entitled to recover attorney fees from plaintiff. The arbitrator noted that "both parties earn sufficient income to pay their respective legal counsel; however, it would be inequitable for [defendant] to pay attorney fees and costs that resulted from [plaintiff's] bellicose behavior, which was legion in this overall matter." The arbitrator thus ruled that plaintiff "must pay attorney fees and costs to [defendant]. The amount is to be determined after the applicable hearing." The arbitrator noted that Michigan law supports such an award of attorney fees on the basis of a party's unreasonable conduct or obstructionist position. The arbitrator found that plaintiff "has been unreasonable and obstructionist on a regular basis," including by denying defendant his parenting time, reneging on agreements, and violating court orders. The arbitrator stated that a hearing on attorney fees and costs would be scheduled within 30 days after confirmation of the arbitrator's March 14, 2019 award.

---

[2] The child now lives primarily with defendant in Colorado, and plaintiff has also moved to Colorado, so both parties and the child now live in Colorado.

But the arbitrator did not hold a hearing on attorney fees within 30 days after the trial court's confirmation of the arbitrator's award. Rather, a hearing was delayed because, when the trial court confirmed the arbitrator's award, the court also granted a stay pending plaintiff's appeals, and the stay remained in effect throughout the appeals in Docket Nos. 350094 and 350110.

On October 8, 2020, shortly after the final disposition of plaintiff's eighth and ninth appeals,[3] defendant filed with the arbitrator a motion for attorney fees in accordance with the arbitrator's March 14, 2019 determination. Plaintiff filed a motion for an evidentiary hearing and discovery regarding defendant's fee request. On February 15, 2021, the arbitrator issued an opinion ruling that plaintiff was not entitled to an evidentiary hearing and discovery, but allowing her to file a written brief addressing various matters, including any challenges to the billing invoices of defendant's counsel. Plaintiff filed in the trial court a motion to vacate the arbitrator's opinion on this point. The trial court denied the motion. On September 30, 2021, the arbitrator issued his opinion and award of attorney fees to defendant, and on November 3, 2021, the arbitrator issued another opinion and award making relatively minor corrections to the award.

Meanwhile, earlier in 2021, a trial court in Colorado (the Colorado court) assumed jurisdiction of the custody and parenting-time issues in the case, now that both parties and the child were living in Colorado. The Michigan trial court then closed the Michigan case, subject to being reopened if the Colorado court declined to confirm or vacate an arbitration award relating to pending arbitration issues. In July 2022, the Colorado court expressly declined to exercise jurisdiction with respect to the Michigan arbitration over attorney fees. In August 2022, the Michigan trial court granted defendant's request to reopen the Michigan case and confirm the arbitrator's September 30, 2021 and November 3, 2021 opinions and awards on attorney fees. This appeal ensued.

## II. STANDARD OF REVIEW

"This Court reviews de novo a circuit court's decision to enforce, vacate, or modify an arbitration award." *Eppel v Eppel*, 322 Mich App 562, 571; 912 NW2d 584 (2018) (quotation marks and citation omitted). "Whether an arbitrator exceeded his authority is also reviewed de novo." *Washington v Washington*, 283 Mich App 667, 672; 770 NW2d 908 (2009). The issue of subject-matter jurisdiction is reviewed de novo. *Forest Hills Coop v Ann Arbor*, 305 Mich App 572, 616; 854 NW2d 172 (2014).

"Judicial review of arbitration awards is usually extremely limited, and that certainly is the case with respect to domestic relations arbitration awards." *Washington*, 283 Mich App at 671 (citation omitted). "By default, the trial court is required to enforce the arbitrator's award." *Eppel*, 322 Mich App at 572, citing MCL 600.5079(1). A reviewing court may vacate a domestic relations

---

[3] Following the issuance of this Court's March 12, 2020 opinion in *Shannon III*, plaintiff filed an application for leave to appeal in the Michigan Supreme Court. On May 15, 2020, our Supreme Court denied plaintiff's application for leave to appeal. *Shannon v Ralston*, 505 Mich 1067; 943 NW2d 92 (2020). Plaintiff then filed a motion for reconsideration. On August 28, 2020, our Supreme Court denied plaintiff's motion for reconsideration. *Shannon v Ralston*, 506 Mich 889; 947 NW2d 432 (2020).

arbitration award only in very limited circumstances, including, as relevant to plaintiff's argument here, when the arbitrator exceeded his or her powers. *Washington*, 283 Mich App at 671, citing MCL 600.5081(2)(c). "[A] party seeking to prove that a domestic relations arbitrator exceeded his or her authority must show that the arbitrator either (1) acted beyond the material terms of the arbitration agreement or (2) acted contrary to controlling law." *Washington*, 283 Mich App at 672. "[I]n order to vacate an arbitration award, any error of law must be so substantial that, but for the error, the award would have been substantially different." *Id*. at 672-673 (quotation marks and citation omitted). "Any such error must be readily apparent on the face of the award without second-guessing the arbitrator's thought processes, and the arbitrator's findings of fact are immune from review altogether." *Eppel*, 322 Mich App at 572, citing *Washington*, 283 Mich App at 672.

## III. ANALYSIS

Plaintiff first argues that the arbitrator erred in denying plaintiff's request for an evidentiary hearing and discovery regarding defendant's request for attorney fees and that this deprived plaintiff of due process. We disagree.

Plaintiff waived her alleged rights to an evidentiary hearing and discovery. "A waiver consists of the intentional relinquishment or abandonment of a known right." *Patel v Patel*, 324 Mich App 631, 634; 922 NW2d 647 (2018). A party may waive a right to an evidentiary hearing. See *Mitchell v Mitchell*, 198 Mich App 393, 399-400; 499 NW2d 386 (1993) (concluding that a party waived a right to an evidentiary hearing by failing to assert the right). Although plaintiff filed with the arbitrator a motion for an evidentiary hearing and discovery, her actions contradicted and circumvented her request. On November 23, 2020, the arbitrator conducted a hearing on plaintiff's motion. Plaintiff appeared without counsel and said that her counsel had withdrawn from the case. Plaintiff refused to participate until her new counsel could appear. The arbitrator accommodated plaintiff by scheduling another hearing to be held on December 15, 2020, at which plaintiff's new counsel could appear and argue plaintiff's position. Plaintiff and her new counsel, however, refused to attend the December 15, 2020 hearing, allegedly on the ground that a transcript of the November 23, 2020 hearing was not yet available. Yet, nothing of substance occurred at that hearing with respect to plaintiff's motion, and the arbitrator advised that plaintiff's counsel could present further argument in writing once the transcript was available. The arbitrator concluded that the failure of plaintiff's counsel to appear at the December 15, 2020 "hearing is easily considered to be more of the game-playing that has routinely occurred on the part of" plaintiff. The arbitrator nonetheless stated that plaintiff's counsel could submit a written brief on various issues. Plaintiff and her counsel failed to avail themselves of that opportunity. The refusal of plaintiff and her counsel to attend the December 15, 2020 hearing constituted a waiver.

Even if the issue was not waived, the arbitrator properly determined that an evidentiary hearing and discovery were unnecessary. A tribunal does not err in failing to conduct an evidentiary hearing on attorney fees if there is an adequate record to review the issue and the tribunal fully explained the reasons for its decision. *Cassidy v Cassidy*, 318 Mich App 463, 488; 899 NW2d 65 (2017). The tribunal's familiarity with the protracted litigation may be pertinent in deciding the need for an evidentiary hearing. *Id*. at 492. In the present case, the arbitrator aptly noted his familiarity with every nuance of the case and concluded that there was no reason to

conduct an evidentiary hearing because the record was sufficient to review the issue.[4] In addition, the arbitrator has provided thorough reasoning for his decisions on attorney fees.

Plaintiff suggests that *Cassidy* is inapposite because the appellant in that case had not questioned the reasonableness of the fees. We disagree with plaintiff's contention that *Cassidy* is inapposite. This Court in *Cassidy* stated that, in the lower court, the appellant had not challenged the hourly rates or the work performed and had not contested the billings and affidavits submitted in support of the fee request. *Cassidy*, 318 Mich App at 487. Nonetheless, the appellant argued cursorily on appeal that the trial court had erred by failing to conduct an evidentiary hearing on the reasonableness of the fees. *Id*. at 486. This Court stated that, although the issue *could* be deemed abandoned, this Court would nonetheless address the appellant's argument. *Id*. at 488. Therefore, the issue of the necessity of an evidentiary hearing on attorney fees was addressed in *Cassidy* because the appellant perfunctorily argued on appeal that an evidentiary hearing was required. As noted, this Court held that "there is no error in failing to conduct an evidentiary hearing if the parties created a sufficient record to review the issue, and the court fully explained the reasons for its decision." *Id*. (quotation marks and citation omitted). Therefore, contrary to plaintiff's argument, *Cassidy* addressed the issue that is relevant here, i.e., whether an evidentiary hearing was required. Hence, the case is not inapposite as plaintiff claims.

Also, the arbitrator noted that plaintiff's request for discovery was largely premised on her contention that defendant's counsel used so-called "block billing." The arbitrator reviewed the submitted invoices and found that none of defendant's attorneys used block billing that rendered their respective time entries indiscernible. Rather, the arbitrator determined that the billing entries were detailed and depicted the actions that were taken in relation to the case. Nonetheless, the arbitrator stated that, if plaintiff believed that any particular billing entries were insufficiently detailed or were unrelated to the case, then she could challenge any such billing entries in a written brief to be filed within 21 days. In that same brief, the arbitrator also allowed plaintiff to raise issues about out-of-state attorney fees, with supporting legal authority. Plaintiff's request for discovery was thus denied. Despite the arbitrator's instructions, plaintiff ultimately did not file such a written brief.

Generally, due process requires "notice of the nature of the proceedings and a meaningful opportunity to be heard by an impartial decision maker." *Reed v Reed*, 265 Mich App 131, 159; 693 NW2d 825 (2005). For the reasons explained, plaintiff was afforded a meaningful opportunity to be heard. The arbitrator held two hearings on plaintiff's motion for an evidentiary hearing and discovery. The second hearing was scheduled specifically to accommodate plaintiff so that her new counsel could appear, but plaintiff and her counsel refused to participate in that hearing. Despite this, the arbitrator allowed plaintiff to file an additional brief challenging the billing

---

[4] Plaintiff contends that the arbitrator lacked familiarity with the out-of-state litigation that has occurred. But defendant's counsel provided detailed billing invoices and affidavits. Consequently, the arbitrator allowed plaintiff the opportunity to file a brief to address the issue of out-of-state attorney fees and to challenge any billing entries. Yet, plaintiff failed to avail herself of that opportunity. The arbitrator's extensive familiarity with this case is beyond question, and the record was sufficient to address the issue.

-6-

invoices of defendant's counsel and addressing the issue of out-of-state attorney fees, but plaintiff failed to avail herself of that opportunity. The arbitrator reviewed and considered the written submissions that plaintiff did file, including her written motion for an evidentiary hearing and discovery as well as her written response to defendant's motion for attorney fees. In accordance with *Cassidy*, the arbitrator determined that an evidentiary hearing was unnecessary. Plaintiff was not denied due process.

Plaintiff notes that the arbitrator's March 14, 2019 opinion and award stated that a hearing on attorney fees would be held within 30 days after the trial court's confirmation of that award. Plaintiff complains that the arbitrator did not hold a hearing within that timeframe. But the confirmation of the March 14, 2019 opinion and award was stayed pending plaintiff's appeals from that confirmation. Shortly after the final disposition of those appeals, defendant filed a motion for attorney fees with the arbitrator. Plaintiff provides no reason to conclude that the arbitrator was required to proceed on the attorney fee issue while a stay was in effect pending plaintiff's appeals.

Plaintiff also argues that defendant's motion for attorney fees was untimely because he did not pursue fees within 30 days of the confirmation of the March 14, 2019 opinion and award. Plaintiff's argument fails to account for the stay pending her appeals of the confirmation of the March 14, 2019 opinion and award. Defendant reasonably filed his motion shortly after the final disposition of those appeals. Plaintiff has not identified a timing requirement with which defendant failed to comply. Again, the facts and circumstances in the present case do not indicate unreasonable delay on defendant's part.

Next, plaintiff asserts the following: (1) defendant did not satisfy his burden to prove that the fees were incurred, reasonable, or bore a nexus to plaintiff's failure to follow an order; (2) fees incurred after the arbitrator's March 14, 2019 award should not have been awarded; (3) the fees for a certain law firm were unreasonable and not timely requested; (4) appellate attorney fees should not have been awarded; (5) defendant cannot ask the arbitrator to order plaintiff to pay the arbitrator's fees; (6) defendant was not entitled to recover fees for out-of-state attorneys; (7) the arbitrator acted outside the scope of his authority; and (8) the arbitrator lacked authority under the parties' agreement to award attorney fees. Plaintiff's arguments are unavailing.

Many of plaintiff's assertions on these points are cursory and inadequately supported by authority. "A party may not simply announce a position and leave it to this Court to make the party's arguments and search for authority to support the party's position. Failure to adequately brief an issue constitutes abandonment." *Seifeddine v Jaber*, 327 Mich App 514, 519-520; 934 NW2d 64 (2019) (citation omitted). In this case, plaintiff's arguments could be deemed abandoned.

And, even if we did not deem them abandoned, plaintiff's arguments were waived because she did not file a timely motion to vacate the arbitrator's September 30, 2021 and November 3, 2021 opinions and awards. MCR 3.602(J)(1) states, in relevant part, "A complaint or motion to vacate an arbitration award must be filed no later than 21 days after the date of the arbitration award." More specifically, MCR 3.602(J)(3) provides, in relevant part, "A motion to vacate an award in a domestic relations case must be filed within 21 days after the date of the award." The term "must" is a mandatory directive. *Vyletel-Rivard v Rivard*, 286 Mich App 13, 25; 777 NW2d 722 (2009). In *Vyletel-Rivard*, this Court affirmed the denial of an untimely motion to vacate an

arbitration award. *Id*. This Court stated that the untimely filing of the motion to vacate made it unnecessary for this Court to address the appellant's argument that the arbitrator had exceeded his authority in connection with the award. *Id*. at 25 n 6. See also *Valentine v Valentine*, 277 Mich App 37, 39-40; 742 NW2d 627 (2007) (holding that the appellant lost the right to challenge an arbitration award because his application to vacate the award was untimely). As the trial court correctly reasoned, plaintiff did not file in Michigan or Colorado a motion to vacate the arbitration awards within the 21-day time limit. Given plaintiff's failure to file a timely motion to vacate the September 30, 2021 and November 3, 2021 arbitration awards of attorney fees, she is not entitled to appellate relief on the basis of her arguments challenging the awards.[5]

Although it is unnecessary to address this point in light of the preceding analysis, we discern no merit in plaintiff's contention that the arbitrator lacked authority to award attorney fees. As this Court explained in rejecting an earlier challenge by plaintiff to the scope of the arbitrator's authority, the parties entered a written agreement to arbitrate " 'all issues in the pending matter.' " *Shannon I*, unpub op at 19, 21. This Court noted that "[i]t is difficult to conceive of language more all-encompassing than an agreement to arbitrate 'all issues in the pending matter.' " *Id*. at 21. There is no basis to exclude the issue of attorney fees from the scope of the arbitrator's authority. In any event, as explained, plaintiff's argument is foreclosed in light of her failure to file a timely motion to vacate. *Vyletel-Rivard*, 286 Mich App at 25 n 6; *Valentine*, 277 Mich App at 38-39.[6]

---

[5] Plaintiff suggests that she could not have filed such a motion in Michigan because the case had been closed, but the trial court had indicated that the case could be reopened in certain circumstances. Indeed, defendant's motion to confirm successfully sought reopening of the Michigan case. Plaintiff could have filed a motion to vacate and asked that the Michigan case be reopened. Moreover, even if there was no pending case in Michigan, plaintiff could have filed a motion to vacate in Michigan by commencing a new case within the 21-day time limit. See MCR 3.602(J)(1) ("If there is not a pending action between the parties, the party seeking the requested relief must first file a complaint as in other civil actions. A complaint or motion to vacate an arbitration award must be filed no later than 21 days after the date of the arbitration award."). Or if plaintiff believed that the Colorado court had subject-matter jurisdiction with respect to the issue of attorney fees, she could have filed a motion to vacate in the Colorado case, but the Michigan trial court examined the Colorado documents submitted by plaintiff and determined that she did not file such a motion. Accordingly, plaintiff's suggestion that she was unable to file a timely motion to vacate lacks merit.

[6] Other arguments that are foreclosed by plaintiff's failure to file a timely motion to vacate also would appear to lack merit even if they were properly before this Court, to the extent the arguments can be understood given plaintiff's cursory presentation. Her arguments regarding whether the fees were incurred, reasonable, or related to her failure to follow an order, seem to be implicitly based, at least in part, on challenges to the arbitrator's thought processes or fact-finding, which are not subject to judicial review. *Eppel*, 322 Mich App at 572. Plaintiff is incorrect to the extent she suggests that defendant was not permitted to seek appellate attorney fees. See *Colen*, 331 Mich App at 305 (noting that "appellate attorney fees may be awarded under MCR 3.206(D)"). Plaintiff's argument regarding arbitrator fees affords no basis for relief because the arbitrator

-8-

Finally, plaintiff argues that the Michigan trial court lacked subject-matter jurisdiction to confirm the arbitration awards on attorney fees. We disagree.

"Subject-matter jurisdiction refers to a court's power to act and authority to hear and determine a case." *Usitalo v Landon*, 299 Mich App 222, 228; 829 NW2d 359 (2012). "Subject-matter jurisdiction describes the types of cases and claims that a court has authority to address." *Id*. (quotation marks, brackets, and citation omitted).

> Jurisdiction over the subject matter is the right of the court to exercise judicial power over that class of cases; not the particular case before it, but rather the abstract power to try a case of the kind or character of the one pending; and not whether the particular case is one that presents a cause of action, or under the particular facts is triable before the court in which it is pending, because of some inherent facts which exist and may be developed during the trial. [*Id*. (quotation marks and citations omitted).]

That is, "subject-matter jurisdiction concerns the right of a court to exercise judicial power over a certain class of cases, not a particular case within a class." *Id*. at 230.

"The UCCJEA prescribes the powers and duties of the court in a child-custody proceeding involving Michigan and a proceeding or party outside of this state." *Veneskey v Sulier*, 338 Mich App 539, 544; 980 NW2d 551 (2021) (quotation marks, brackets, and citation omitted). "The purpose of a uniform child custody act is to declare that custody decrees of sister states will be recognized and enforced, to achieve greater stability in custody arrangements, and to prevent forum-shopping." *Id*. Under the UCCJEA, a "child-custody determination" is defined as

> a judgment, decree, or other court order providing for legal custody, physical custody, or parenting time with respect to a child. Child-custody determination includes a permanent, temporary, initial, and modification order. *Child-custody determination does not include an order relating to child support or other monetary obligation of an individual*. [MCL 722.1102(c) (emphasis added).]

In the present case, the Colorado court assumed jurisdiction of custody and parenting-time issues but declined to exercise jurisdiction with respect to the preexisting Michigan arbitration proceedings over attorney fees. On March 27, 2021, plaintiff filed a request that the Colorado court take jurisdiction and asked that the Michigan orders be registered in Colorado. In a May 3, 2021 order, the Colorado court granted plaintiff's motion in part, limited to orders regarding

---

denied that aspect of defendant's motion. With respect to out-of-state attorney fees, the arbitrator relied on *Escanaba & Lake Superior R Co v Keweenaw Land Ass'n, Ltd*, 156 Mich App 804, 815-816; 402 NW2d 505 (1986), to conclude that he had authority to decide the issue of defendant's out-of-state counsel's fees because defendant had to hire counsel in California and Colorado to respond to litigation pursued by plaintiff in those states. Yet plaintiff fails even to cite that case, let alone argue why the trial court erred in relying on it. Plaintiff "cannot leave it to this Court to make [her] arguments for [her]. [Her] failure to adequately brief the issue constitutes abandonment." *Seifeddine*, 327 Mich App at 521 (citation omitted).

custody and parenting time, *not* orders regarding child support or other monetary obligations of an individual.

On July 12, 2022, the Colorado magistrate held a hearing and discussed the Michigan arbitrator's attorney fee awards that were issued in the fall of 2021. The magistrate stated that, although those awards were "issued after [the Colorado court] took jurisdiction, [the awards] only related to issues that happened before [the Colorado court] took jurisdiction over the case." The attorney fee issue had been briefed for the Michigan arbitrator before the Colorado court took jurisdiction. The Colorado magistrate continued:

> So while the [Colorado court] certainly could adopt the Michigan arbitration award, it's going to decline to do so, because it finds that the issues related to litigation in Michigan prior to [the Colorado court] having jurisdiction over the case, they relate to Michigan law, Michigan procedure. And it would just be more judicially efficient for the court in Michigan to hear those issues than Colorado. And so I really agree with [defendant] and his attorney on those points.

On July 28, 2022, the Colorado court entered an order adopting the transcript of the Colorado magistrate's findings at the July 12, 2022 hearing as an order of the Colorado court.

In August 2022, the Michigan trial court reopened the Michigan case in order to confirm the arbitrator's awards on attorney fees. The Michigan trial court correctly recognized that the Michigan case had only been closed, not dismissed, subject to being reopened if the Colorado court declined to act on the pending arbitration. The arbitration concerned a purely financial matter, i.e., a dispute over attorney fees, rather than child custody, and all of the relevant events, other than the final issuance of the award, occurred before the Colorado court's assumption of jurisdiction. The Colorado court expressly declined to exercise jurisdiction with respect to this arbitration on attorney fees. Overall, we discern no basis to conclude that the Michigan trial court lacked jurisdiction to reopen the case in order to confirm the arbitrator's awards regarding attorney fees.

Affirmed. As the prevailing party, defendant may tax costs. MCR 7.219(A).

/s/ Kristina Robinson Garrett
/s/ Michael J. Riordan
/s/ Anica Letica